[Department One. — May 17, 1883.]

## J. W. ARMSTRONG, PETITIONER, v. THE SUPERIOR COURT OF LAKE COUNTY, RESPONDENT.

CHANGE OF VENUE — RESIDENCE — CONVENIENCE OF WITNESSES. — In an action commenced in Lake County, the defendant demurred to the complaint, and moved to change the place of trial to Sonoma County where he resided. The plaintiff opposed the motion on the ground of the convenience of witnesses. No answer having been filed, *held*, that the motion could not be resisted on that ground.

ID. — ORDER GRANTING MOTION ON PAYMENT OF COSTS. — An order made granting the motion on the payment of costs is a conditional order, and amounts to a denial of the motion if the costs are not paid. It is interlocutory in its nature, and contemplates a further order granting or denying the motion absolutely upon the payment or non-payment of the costs as required. In determining the effect of the order in these respects, the power of the court to impose costs is an immaterial matter.

CERTIORARI to the Superior Court of Lake County to review

an order setting aside a previous order made on a motion to change the place of trial.

The facts are stated in the opinion of the court.

*E. W. Britt,* and *Woods Crawford,* for Petitioner.

*R. W. Crump,* for Respondent.

PER CURIAM. — *Certiorari.* Petitioner prays for the annulment of an order of the Superior Court setting aside an order made in response to an application by defendant in an action, wherein one Estep is plaintiff and the petitioner is defendant, for a change of the place of trial from Lake to Sonoma County.

The motion was made on the ground that the action had been brought in the wrong county, and was supported by the defendant's affidavit that he was, and for many years had been, a resident of Sonoma. The plaintiff resisted the motion, asking that the cause be retained in Lake County, and filed and read an affidavit setting forth facts tending to prove that it would be for the convenience of witnesses to retain the cause. As the motion was made before answer the plaintiff was not authorized to resist it on the ground that it would be more convenient for witnesses to try the action in Lake. (*Cook* v. *Pendergast,* 61 Cal. 72.)

January 29, 1883 — the return day of the motion — the court below ordered: "That the motion to change the place of trial be granted, upon the payment by defendant of all fees accrued in this court to date."

A demurrer to the complaint had been filed by the defendant contemporaneously with his demand for a change of venue, and, on the 12th day of February, 1883, the plaintiff asked the court to set down the demurrer for argument and proceed with the determination thereof, claiming that a reasonable time had elapsed since the making of the order respecting a change of the place of trial, and the defendant had not paid the costs as therein required.

Thereupon it was by the court ordered:—

"Whereas, in this cause, the court, on the 29th day of January, 1883, made an order, on the application of the defendant, that the same be transferred for further proceedings to the Supe-

rior Court of the county of Sonoma, upon payment by defendant of all costs accrued and to accrue in this court, and whereas at this date said defendant has not paid said costs, nor offered any excuse for his failure to do so; now, therefore, it is ordered by the court that the order made on the 29th day of January, 1883, be annulled and set aside." And it was then and there further ordered "that the demurrer aforesaid be set for hearing on the 29th day of February, 1883."

It is insisted by the petitioner that the condition in the order of January 29th, as to the payment of costs, was and is *void*, being a condition which the court had no right to require, and, as a consequence, that the order should be read as if no such condition had been inserted, and was and is an order granting the motion for a change of the place of trial; that the order granting the change necessarily included an adjudication as to the defendant's residence; that the power of the court was exhausted in the premises when it found that the defendant resided in Sonoma and granted the motion, and that, immediately upon the entry of the order, the Superior Court of Lake *lost*, and the Superior Court of Sonoma *acquired*, jurisdiction of the action.

The intent and meaning of a judicial order are to be derived from its language. Even if the court had no power to insert in the order the condition as to costs, there is no strict analogy between the order and a deed — for example — which may take effect as a conveyance, although it contains a condition, *void* because against public policy, or for any other reason. An order that a motion be granted, upon the payment of certain costs, is an order denying the motion, unless the costs be paid. We are not authorized to exclude the condition, and thus make the order the reverse of, or distinctly different from, what it was evidently intended to be. The order of the 29th of January is not an order absolute, either granting or denying the motion for the change of the place of trial. It provides that the motion shall be granted, if, within a reasonable time, the costs are paid by the defendant; that the motion shall be denied if a reasonable time shall elapse without the payment of the costs by the defendant. It is an order to take effect in the future as an order granting, or as an order denying, the motion, as one of two events shall occur. In determining its meaning it is entirely immaterial

whether the court had or had not power to insert the condi-
tion, or whether the insertion of the condition was error.   In
any case the defendant did not get the order which he asked for
unconditionally; he did not get it at all, nor did he entitle him-
self to an order final, based upon the payment of the costs — if
such further order was necessary — because he did not pay the
costs.

If, in response to the defendant's motion, the court had no
jurisdiction to make an order other than an order unconditionally
granting or denying the motion, petitioner is not entitled to have
annulled the order setting aside the order of the 29th of January.
The effect of the order of February 12th would be simply to
disencumber the record of the Superior Court of an order it had
no jurisdiction to make, and would leave the motion for a change
of venue undisposed of.   If the order of the 29th of January
was one which the Superior Court had power to make, it was
not and did not purport to be a final order, taking effect, in the
then present, as an order granting or denying the motion, and
we know of no reason why the court did not have *power* to set it
aside.   Certainly, as the defendant did not pay the costs within
a reasonable time, or offer to pay them, he cannot complain of
the order setting aside the order of January 29th — whether his
failure to pay did or did not of itself operate as an order *denying*
the motion for a change of the place of trial.

But we are of opinion that the order of the 29th of January
was, in its nature, interlocutory, and contemplated — in case the
defendant should fail to pay the costs — another and subsequent
order, based upon a finding that a reasonable time had elapsed
without the costs having been paid.   We have assumed, as is
claimed by petitioner, that the order of the 12th of February is
to be treated as an independent order setting aside the previous
order.   It may be that the proceedings of the day last mentioned,
read together constitute only a declaration that a reasonable time
had passed, and the defendant had not paid the costs, followed
by an order setting down the demurrer for argument, the legal
effect of which was finally to deny the motion for a change of
the place of trial.   Upon this last matter we express no·opinion.
If the order setting the demurrer for argument, following upon
an adjudication that a reasonable time had expired without pay-

ment of costs by defendant, was an order denying the defendant's motion for a change of venue, the defendant — petitioner — had an appeal from that order.

But treating the action of the court on the 12th of February, which preceded the setting down of the demurrer, as an independent order setting aside the order of the 29th of January, the petitioner cannot have the order of the 12th of February annulled, because up to the last named date, no final order had been made granting the motion for a change of the place of trial.

It is not necessary to decide whether the Superior Court would have power to set aside a final order changing the place of trial.

The petition and proceedings thereunder are dismissed.