[S. F. No. 859.   Department Two.—February 28, 1899.]

## WILLIAM WOLFF & CO., Appellant, v. CANADIAN PACIFIC RAILWAY COMPANY, Respondent.

MOTION TO SET ASIDE DEFAULT AND JUDGMENT—CONDITIONAL ORDER—REFUSAL OF TENDER—DILATORY PROCEEDINGS—ABANDONMENT.—A motion to set aside a default and judgment seasonably made, the final disposition of which was delayed for a series of years, owing to dilatory proceedings, occasioned by the refusal of the plaintiff to accept the tender of counsel fees provided in an order granting the motion conditionally, and by an erroneous modification of that order, upon defendant's motion, which was appealed from by plaintiff, and by a subsequent action upon the judgment, and defense thereof, cannot be considered as abandoned, in the absence of evidence of an intention of the defendant to abandon the motion.

ID.—IMPLIED FINDING AGAINST ABANDONMENT—ABSOLUTE ORDER.—By a final order granting the motion absolutely, the court by implica-

tion passed upon the question of abandonment, and found against its existence.

Id.—Abandonment a Question of Intention.—The abandonment of a motion to set aside a default and judgment is a question of intention, requiring something more than mere passivity of the moving party to establish it. It cannot be founded upon an estoppel *in pais*, nor upon laches, which operate only *in invitum*. It is not evidenced by obtaining time to file a brief upon demurrer to an answer in an action upon the judgment, in which was pleaded the motion, the conditional order, and the tender.

Id.—Reasonable Diligence—Construction of Code.—The rule of diligence prescribed by section 473 of the Code of Civil Procedure, in making application to set aside a default, does not control the subsequent proceedings, nor is six months necessarily a measure of reasonable time for subsequent diligence; but if the application is made within the six months, the court is free to dispose of it as the exigencies of business and the circumstances of the case, under the guidance of the court, will permit.

Id.—Laches—Question of Fact—Discretion.—Laches is an equitable defense, determinable by the particular facts and circumstances of the case, and is a question of fact on the evidence; and the matter is one left to the sound discretion of the chancellor in each case.

Id.—Scattering of Plaintiff's Witnesses.—Detriment to the plaintiff caused by the scattering of his witnesses and the death of his chief witness, pending long delay in the final determination of a motion to set aside a judgment by default, is matter which bears upon the ultimate fact of laches which is to be determined by the trial court in its discretion.

Id.—Explanation of Long Delay—Final Order.—If the circumstances show that exceptionally long delay in securing a final order passing absolutely upon the motion to set aside the judgment by default was owing, first, to the refusal of plaintiff to accept a tender, and to appeals taken by plaintiff, and second, to a *bona fide* misconception of defendant, long acquiesced in by plaintiff, as to the nature and effect of the conditional order and of the tender made thereunder, supposing such conditional order and tender to be a disposition of the motion, instead of an interlocutory order, the court had discretion under such circumstances, to accept the explanation of the delay and to make a final order granting the motion, upon deposit in court of the money required to be paid as a condition of granting the motion.

Id.—Keeping Tender Good—Renewal—Deposit in Court.—A tender made of money required to be paid under a conditional order setting aside a judgment by default is not required to be kept good in the manner required for the extinguishment of an obligation under section 1500 of the Civil Code; but the tender was kept good by a renewal of it within ten days after the filing

of a remittitur upon appeal from the order, and by the deposit of it in court before the final disposition of the motion.

ID.—TENDER OF INTEREST.—The sufficiency of the first tender rendered any tender of subsequent interest unnecessary.

ID.—DISCRETION IN OPENING DEFAULTS.—In the matter of opening defaults, much is confided to the discretion of the court; and where the circumstances are such as to lead the court to hesitate, it is better to resolve the doubt in favor of the application, so as to secure a trial upon the merits.

APPEAL from an order of the Superior Court of the City and County of San Francisco, setting aside a default and judgment. John F. Finn, Judge, granting original motion, January 25, 1889. J. M. Seawell, Judge, granting order of October 25, 1895, appealed from.

The facts are stated in the opinion.

Augustus Tilden, for Appellant.

Henry Eickhoff, and Edward S. Salomon, for Respondent.

PRINGLE, C.—Appeal from an order setting aside default and judgment, with bill of exceptions. Judgment by default was entered on July 17, 1888. A motion was seasonably made to set aside default and judgment, and on January 25, 1889, an order was made that the "motion be and the same is hereby granted on condition that defendant pay to plaintiff the sum of sixteen dollars and fifty cents costs and seventy-five dollars counsel fees within ten days." "And ordered that the proposed answer on file stand as the answer." A tender of the whole amount, ninety-one dollars and fifty cents, was made within the ten days to plaintiff's attorney, who refused to accept it on the ground that his right of appeal from the order might be prejudiced by the acceptance. Thereupon, on application of the defendant to the court below, the order was modified by vacating that portion of it which required the payment of the counsel fees. Plaintiff appealed from both of these orders; and the first was affirmed by this court and the second reversed. (*Wolff v. Canadian Pac. Ry. Co.*, 89 Cal. 332.) The *remittitur* was filed below on July 1, 1891. The order appealed from recites that the same amount was again tendered to one of plaintiff's attorneys within ten days from the filing of the *remittitur*. This recital

or finding is not attacked in the bill of exceptions. But exception is taken by the appellant to a statement in the opinion of the lower court that there was no dispute as to the date of this tender.

Plaintiff's attorneys refused to accept the tender, and stated by letter of July 20th the following as ·some of their grounds for refusal: 1: The original tender was not kept good; 2. That more than ten days had elapsed since the *remittitur* was filed; 3. That plaintiff contemplated further proceedings which would be jeopardized by accepting the tender; 4. That the judgment was not set aside and could not be set aside. On July 17, 1893, plaintiff commenced an action on the judgment. Defendant answered on January 31, 1895, setting up the order of January 25, 1889, and the tender made within ten days thereafter; and paid into court the amount tendered, ninety-one dollars and fifty cents. The plaintiff demurred to the answer. While the demurrer was under submission to the court, on October 1, 1895, the defendant gave notice of motion that the default and judgment be fully and finally set aside. The motion was granted by order of October 25, 1895, and from that order this appeal is taken.

It is conceded that the order of January 25, 1889, granting the motion to set aside the default on condition of payment of counsel fees and costs, was not a complete disposition of the motion, and it would seem to follow necessarily from this, as was held by the court below, that the motion remained pending until finally disposed of in October, 1895, unless it had been abandoned by the defendant.

The following are the points argued by appellant in its points and authorities:

1. The point most relied upon by the appellant is that the motion was abandoned. Appellant's counsel complains that the court below did not pass upon the question of abandonment. By implication it certainly did, by granting the motion of respondent. But, however that may be, there is certainly nothing in the case to justify the conclusion that the respondent abandoned its motion. There is no evidence of any intention to abandon. Abandonment requires an intent, expressed or implied. It requires something more than mere "passivity," a

term used by counsel. It differs widely from laches in this, that in granting relief on the ground of abandonment a court assumes to base its action upon the will of the party; in granting relief on the ground of laches the action is *in invitum.*

Cases showing that the intention is an essential element of abandonment are collected in *Moon v. Rollins,* 36 Cal. 333; 95 Am. Dec. 181. In *Judson v. Malloy,* 40 Cal. 299, this court said: "The jury was charged that if the plaintiffs and those under whom they claim had left the premises vacant, unimproved, and without attention for more than five years before the commencement of the action, they were authorized to find therefrom the fact of abandonment. They should have been instructed that such fact must be taken into consideration in deciding the question of abandonment. The essential fact of intention to abandon is not necessarily inferable from the fact stated."

In *Utt v. Frey,* 106 Cal. 397, the court says: "To constitute such abandonment, there must be a concurrence of act and intent, viz., the act of leaving the premises vacant, so that it may be appropriated by the next comer, and the intention of not returning. (Citing cases.) The mere intention to abandon, if not coupled with yielding up possession or a cessation of user, is not sufficient; nor will the nonuser alone without an intention to abandon be held to amount to an abandonment."

Counsel says: "Even admitting that the intent to abandon did not exist, defendant's conduct was so unmistakably that of abandonment as to justify plaintiff in acting in accordance with that theory, and to estop defendant from denying it." But this court held in *Marquart v. Bradford,* 43 Cal. 526, that it is a confusion of ideas to attempt to found abandonment upon an estoppel *in pais;* and finds fault with an instruction given to the jury. "The instruction is in our opinion objectionable. It mingles together, in such manner as to mislead the jury, two legal propositions which are quite distinct and proceed on different principles—abandonment and estoppel *in pais.* It appears to treat an estoppel *in pais* as constituting an element of abandonment, or as one of the circumstances from which it might be found by the jury." This is a logical conclusion from the essential idea on the one side of abandonment which depends

upon the will of the party, and from the idea on the other side of an estoppel *in pais* which operates *in invitum.* In some instances the delay, inaction, laches of one party may justify the other party in taking some action adverse to him, and the first party may be estopped from making any defense; but this need not imply any intention of abandoning his rights. As evidence tending in this case to show abandonment, appellant cites the resistance of defendant to plaintiff's demurrer to the answer, in the suit brought on the judgment, and getting time to file a brief. But this would seem rather to negative any intention to abandon the original motion. There is nothing in the conduct of the respondent to warrant a reversal of the implied finding that there was no abandonment.

· 2. Appellant insist upon the detriment caused by the scattering of the witnesses of the appellant and the death of its chief witness during the long pendency of the motion. These are matters which bear upon the ultimate fact of laches determined by the trial court, and within its discretion.

3. And the question of the reasonableness of the time which elapsed before the final disposal of the motion is one of the matters bearing upon the question of laches to be hereafter considered. Before reaching that question it is only necessary, in answer to a point made by the appellant, to say that the rule of diligence required by the Code of Civil Procedure, section 473, in "making application" to set aside a default does not control the subsequent proceedings; nor is six months necessarily a measure of reasonable time for the subsequent diligence. If the application is made within the six months, the court is free to dispose of it as the exigencies of business and the circumstances of the case, under the guidance of the court, will permit. Such was the ruling of this court on the appellant's first appeal.

4. Many of the points made by the appellant are embraced in the general question of laches. And upon that question there is no reason to interfere with the discretion exercised by the court below. "The matter is one which is left to the sound discretion of the chancellor in each case." (*Chapman v. Bank of California,* 97 Cal. 155.) "Laches is a question of fact on the evidence—an equitable defense, determinable by the particular facts and circumstances of the case." (*Pike v. Martin-*

*dale,* 91 Mo. 285.)   In this case, the court belows seems to have examined with great care all the circumstances of the case, and its conclusion should be final.   It is true that there was an exceptionally long delay before the final disposition of the motion. But many circumstances tended to explain it.   The appellant is responsible for the first delay of more than two years from January 25, 1889, to July 1, 1891.   Counsel insists much upon what he claims to have been decided by this court, that the first tender was "rightly refused."   But it was not rightly refused in any sense that would justify the delay by the appellant. It was not rightly refused from any defect in the tender.   All that this court decided upon the appeal is that an acceptance of the tender would have jeopardized the plaintiff's appeal.   But the plaintiff was not obliged to take an appeal from the order conditionally granting respondent's motion, and the affirmance of that order takes from appellant its excuse for the appeal and for the delay incident to it.   The erroneous order of the court below, striking out the counsel fee as a part of the condition for relief, was matter arising after and growing out of the appellant's wrongful refusal to accept the tender; and of course the appeal from that order cannot be invoked as justifying the appellant's delay.

5. A circumstance tending to explain the subsequent delay on the part of the respondent is the impression that seemed to prevail, at first at least, on both sides, that the order of January 25, 1889, was a final order, or that it became a finality by the performance of the condition.   The proper practice would have been to apply to the court for a final order setting forth the performance or the nonperformance of the condition.   But appeal was made and entertained, and the court below, in view of the facts, held this to be a circumstance tending to excuse the belief of the respondent's attorneys that their seasonable offer to perform the condition of the order had operated to set aside the default.   How far this belief of the respondent's counsel should naturally have been removed by the letter of appellant's attorneys of July 20, 1891, stating that the judgment was not set aside and could not now be set aside, and that they contemplated further proceedings in the matter, was within the province of the lower court to determine, passing upon the con-

duct and the good or bad faith of the parties. If the letter had stated only that the judgment was not set aside and could not now be set aside, it would have been well calculated to arouse the attention of the respondent to the interlocutory nature of the order, but, as its first insistence was that the tender had not been made in time and had not been kept good, the subsequent statement that the judgment was not set aside might not unnaturally have been referred by the respondent to those alleged grounds of infirmity.

6. Without finding it necessary to decide the question, mooted by the appellant, whether the appellant or the respondent was properly the proponent, it certainly cannot, against the ruling of the court below, be said that there was fatal laches on the part of the respondent after its tender was well made and was seasonably renewed and while the appellant might have brought the matter at any time before the court, if it questioned the status of the judgment. At this point the appellant's position is that this court, by its ruling on the first appeal, justified appellant's refusal to accept the tender, and hence that appellant could stand upon its successful resistance. But we have seen that the appellant gained nothing by its appeal from the order granting respondent's motion except the ruling that the original tender was well made, but that it must be kept good, and that the appellant was entitled to receive the amount tendered.

The tender was kept good, under this ruling, by a renewal made within ten days after the filing of the *remittitur*. It does not appear that, after this renewal of the tender, the money was applied by the respondent to its own use; certainly it was not demanded or refused, and it was deposited in court before the application for final relief from the judgment was made. This was a sufficient compliance with the ruling of this court on the appeal, "that to constitute the tender a payment it must be kept good, and the plaintiff is entitled to receive the amount tendered upon the affirmance of the order setting aside the default and judgment." The opinion of the court was addressed to the point whether the refusal to accept the tender was a waiver of the conditions or not. It does not necessarily mean that the account must be deposited in bank; for the decision was

that the first tender, which was clearly made without deposit in bank, was "a sufficient performance of the condition to preserve the rights of the defendant under the order opening the default until the question of its validity should be determined."

This is not a case which demands the extinguishment of an obligation under section 1500 of the Civil Code. There are, undoubtedly, situations where there is a fixed and recognized obligation whose extinguishment is necessary to the relief demanded, as where the mortgagor desires to have his mortgage discharged of record, he must extinguish his obligation. But there are many instances in which a tender of performance without deposit is sufficient to furnish the relief required; where there is no actual obligation to be extinguished, but only some condition to be performed or some option to be accepted; and other instances in which it would be unreasonable to require the extinguishment of an obligation as a condition of the collateral relief sought. The right of purchase under a contract is secured by a tender. (*Miller v. Cox,* 96 Cal. 348; *Haile v. Smith,* 113 Cal. 662; *Sayward v. Houghton,* 119 Cal. 550.) A pledge is released by a tender. (*Loughborough v. McNevin,* 74 Cal. 256; 5 Am. St. Rep. 435.) A surety is discharged by a tender. (*Randol v. Tatum,* 98 Cal. 390.)

To hold that a deposit in bank under section 1500 is necessary in all cases of a tender would make section 1500 wholly inconsistent with sections 1504 and 1498, and would efface those sections. Section 1504 provides that an offer of payment, et cetera, though the title does not pass, stops the running of interest on the obligation and has the same effect upon all its incidents as a performance. Section 1498 provides: "When a debtor is entitled to the performance of a condition precedent to, or concurrent with, performance on his part, he may make his offer to depend upon the due performance of such condition." To require him in such case to extinguish his obligation without performance by the other would defeat this section.

The tender in this case was effective, as a compliance with the condition imposed by the order of January 25, 1889. The court below found that both tenders were made in due season; this court held on the first appeal that the tender to the attorney was properly made; the sufficiency of the first tender rendered any tender of interest unnecessary.

Apart from the efficiency of the tender, all other matters in the case were within the large discretion accorded to a trial court in such cases. There is nothing in the aspect of the case on this appeal which takes it out of the wholesome doctrines stated on the first appeal: "In the matter of opening defaults much is confided to the discretion of the court [citing cases], and where the circumstances are such as to lead the court to hesitate, it is better to resolve the doubt in favor of the application, so as to secure a trial and judgment on the merits" (citing cases).

The foregoing disposes substantially of all the points argued by counsel. It is asking too much of the court to go beyond this, and to follow *seriatim*, through forty-four folios, thirty exceptions, made not to findings of fact, but to points in the opinion of the court below.

I advise that the order appealed from be affirmed.

Haynes, C., Britt, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.