[Civ. No. 2307.  First Appellate District, Division One.—January 8, 1919.]

AALWYN'S LAW INSTITUTE, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

APPEAL — NONAPPEALABLE ORDER — CONDITIONAL ORDER VACATING DEFAULT JUDGMENT.—An order directing the vacation of a default judgment upon payment· by defendant to plaintiff within five days of ten dollars costs, and providing that if payment be not so made or tendered the motion shall be denied, is a conditional order and nonappealable.

APPEAL from an order of the Superior Court of the City and County of San Francisco.  James M. Seawell, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Arthur Crane for Appellant.

George Lull, City Attorney, Russell T. Ainsworth and Chas. S. Peery, Assistant City Attorneys, for Respondent.

WASTE, P. J.—Defendant moves to dismiss the appeal.

From the record it appears that this is an action brought to recover the sum of $9,592.50 for taxes alleged to have been paid in excess of the dollar limit as provided in section 11, chapter I, article III, of the charter of the city and county of San Francisco.  Defendant suffered default for failure to

answer, after demurrer sustained, upon which a judgment was entered by the clerk of the court on July 13, 1915, Thereafter, upon motion of defendant, the default judgment was vacated and set aside by an unconditional order of the superior court to that effect, made December 20, 1915. On the day following the court made an order amending the order of December 20, which amended order is in words and figures following, to wit:

"In this action, it is ordered that order made herein, on the 20th day of December, 1915, granting defendant's motion to set aside the default, and judgment entered against defendant be amended so as to read as follows, viz.: It is ordered that defendant's motion to set aside default and judgment herein be granted upon the payment by defendant to plaintiff or its attorney, within five days after notice of this order, the sum of ten ($10) dollars costs, and that defendant have ten (10) days in which to answer. It is further ordered that if said payment be not made or tendered said motion be denied."

On December 24, 1915, a tender of the said sum of ten dollars, specified in said conditional order, was duly made by defendant and by plaintiff's counsel refused. The court, thereupon, on April 1, 1916, made its final order vacating said default and default judgment. From this order of April 1st an appeal was taken to the supreme court on the ninth day of June, 1916, but said appeal was thereafter dismissed by said court on the seventh day of August, 1916, on the ground that it had been taken too late. The present appeal is from the order hereinbefore set forth and dated December 21, 1915, which we shall hereafter term the conditional order granting the motion to set aside the default and default judgment.

Defendant's motion to dismiss the present appeal, as stated in the notice, is as follows:

"1. That the order appealed from is not an appealable order for the reason that it is a conditional order and does not constitute a final disposition of the motion before the trial court to vacate and set aside the default order and judgment therein.

"2. That the appeal is premature because it does not appear from the record that the condition recited in the order appealed from has ever been complied with by the respondent."

That respondent's contention is correct, and that this order

is a conditional and a nonappealable order is settled by a long line of decisions. The order was interlocutory in its nature and contemplated a further order granting or denying the motion absolutely upon the payment, or nonpayment, of the costs required. As was said in *Armstrong* v. *Superior Court*, 63 Cal. 410:

"An order that a motion be granted, upon the payment of certain costs, is an order denying the motion, unless the costs be paid. We are not authorized to exclude the condition and thus make the order the reverse of, or distinctly different from, what it was evidently intended to be."

In *Wolf* v. *Canadian Pacific Co.*, 123 Cal. 535, [56 Pac. 453], a case in which the identical question now presented on this motion was considered, the supreme court says: "It is conceded that the order of January 25, 1889, granting the motion to set aside the default on condition of payment of counsel fees and costs, was not a complete disposition of the motion, and it would seem to follow necessarily from this, as was held by the court below, that the motion remained pending until finally disposed of unless it had been abandoned by the defendant."

The order appealed from falls squarely within the ruling of these decisions. For these reasons the appeal is dismissed.

Kerrigan, J., and Richards, J., concurred.