[Civ. No. 11305. Second Appellate District, Division Two.—January 15, 1937.]

JACKSON HAYES, Appellant, v. JAMES W. PIERCE, Administrator, etc., et al., Respondents.

Jackson Hayes, *in pro. per.*, and J. D. Sutherland for Appellant.

James W. Pierce for Respondents.

CRAIL, P. J.—On December 20, 1935, defendants' demurrer to plaintiff's amended complaint was overruled and defendants were given five days within which to answer. On December 27, 1935, defendants having failed to file an answer, default was entered against them, and on January 7, 1936, a judgment was rendered thereon. On March 9, 1936, defendants served upon the plaintiff their notice of motion to set aside default and default judgment, together with an affidavit of merits and a showing of inadvertence and excusable neglect, as well as a proposed answer and cross-complaint. From said affidavit, it appears that a former attorney for defendants, for some reason unknown to defendants, although directed by defendants to defend against the action, had failed to file the answer in time; that he informed defendants, even after default had been entered, that no default had been entered. The plaintiff, in his own affidavit resisting the motion to set aside the default says: "The said Downing [defendants' former counsel], in support of said second demurrer and apparently as an excuse for failing to follow up said first demurrer, stated to the effect that *said first demurrer*

*was a mistake in that it had no prayer to it. . . .* That the said Downing in his said office stated to affiant in reference to said second demurrer and his said motion to strike to the effect that *he thought now that his troubles all would soon be over,* and from this and from *the prayer to said second demurrer* affiant gathered that said Downing meant that his proceeding would put plaintiff out of court and he would not have to answer; . . . '' Defendants, upon discovering the true facts, employed other counsel and made timely motion for relief against the default. Thereafter, on April 9, 1936, said motion was heard and granted on condition that defendants pay plaintiiff costs in the sum of $27.50 within ten days. On May 15, 1936, upon a showing to the court that the court's condition had been complied with the court granted the order unconditionally setting aside the default and judgment.

Appeals are taken by the plaintiff both from the conditional order of April 9, 1936, and from the final order of May 15, 1936. The conditional order is not an appealable order (*Aalwyn's Law Institute* v. *San Francisco,* 39 Cal. App. 365 [178 Pac. 966]), and the appeal as to it will be dismissed, although the order will be reviewed upon the appeal from the final order.

It is the contention of the appellant that no possible justification can be found for the first order under the showing made and that in making it the trial court abused its discretion. It is the constant effort of the courts to bring cases to trial on the merits. Where such an order is granted, it is only in a very plain case of abuse of discretion that the action of the trial court will be disturbed. (14 Cal. Jur. 1072, and cases cited.) And in this case where the defendants at all times were anxious to defend, and it is apparent even from the affidavit of plaintiff that the default resulted from some mental confusion or aberration of defendants' former counsel, we see no abuse of the court's discretion in setting aside the default and judgment.

It is the further contention of the appellant that the second order is void for want of due process of law, citing the case of *Higgins* v. *Kay,* 168 Cal. 468 [143 Pac. 710], and contending that he was entitled to notice and an opportunity to be heard before the second order was entered. There is no merit in this contention. The first order was merely a conditional order. The second order was merely the completion

of the court's order on the original motion as to which the plaintiff had been given due notice to appear. No additional notice was necessary. As was said in *Wolff & Co.* v. *Canadian Pacific Ry. Co.*, 123 Cal. 535 [56 Pac. 453] : "It is conceded that the order . . . granting the motion to set aside the default on condition of payment of counsel fees and costs, was not a complete disposition of the motion, and it would seem to follow necessarily from this, . . . that the motion remained pending until finally disposed of . . . " (See, also, *Aalwyn's Law Institute* v. *San Francisco, supra,* and *Armstrong* v. *Superior Court*, 63 Cal. 410.)

It is the final contention of the plaintiff that the second order is void for want of compliance with the condition imposed by the first order. From the affidavits of defendants' counsel, which form the basis for the order of May 15th, it appears that the condition of the order of April 9th was complied with as follows: That within the ten-day period, defendants tendered to plaintiff's attorney a cashier's check, payable to plaintiff, for the above sum, which was refused by said attorney. When presented with the check, the attorney called plaintiff on the telephone and was instructed by him to refuse to accept such check for the reason that plaintiff intended to appeal the case and did not wish to accept the tender. Thereafter, within the time limited by the order, defendants sent said check, by registered mail, addressed to plaintiff at room 1112 Pershing Square Building. The letter, after being forwarded to several addresses, was returned to defendants, bearing the notation, "refused". It appears that plaintiff's address actually was 1115 Pershing Square Building. Defendants' counsel thereupon filed with the court two affidavits, setting forth the above facts concerning the attempts to comply with the order of April 9th, to which were attached the envelope with the inclosed check. This was a sufficient compliance with the terms of the first order.

Order affirmed.

Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 15, 1937.