[Civ. No. 16783. First Dist., Div. One. Sept. 14, 1956.]

H. R. REEVES, Appellant, v. CHARLES S. HUTSON et al.,
Respondents.

Lorne M. Stanley and John R. Swendsen for Appellant.

Howard C. Ellis and Bernard B. Glickfeld for Respondents.

PETERS, P. J.—Plaintiff secured a default judgment against defendants. Subsequently the default was set aside. Thereafter, the trial court entered an order quashing execution, an order dismissing the action, and an order denying plaintiff's motion to restrain defendants from disposing of property or to post bond. From these three orders plaintiff appeals.

The facts are somewhat confusing. On October 18, 1949, plaintiff brought an action in San Francisco against defendants for $13,563.14 for services rendered and for money had

and received. Service was had on defendants in Santa Cruz County on October 19, 1949. About November 15, 1949, the attorney for defendants, Howard Ellis, secured from Lorne Stanley, attorney for plaintiff, an extension of time to plead to December 19, 1949. Defendants failed to plead within the time thus extended. On December 21, 1949, plaintiff caused defendants' default to be entered and judgment on default was entered on December 28, 1949. Ellis learned of the entry of the default on January 4, 1950, and moved to have it set aside on January 12, 1950. With this motion defendants filed their proposed answer denying liability and various affidavits. Ellis' affidavit filed in support of the motion avers that when he secured the extension in November of 1949 he and Stanley were on friendly terms and he, Ellis, believed that Stanley would not take a default without some warning; that during this period, both before and after the action was filed, there were settlement discussions between counsel; that between October, 1949, and January 4, 1950, affiant was overwhelmed with an accumulated press of business and out of his office much of the time; that because of his secretary's neglect and inadvertence the date of the extended time to plead was not put on his calendar, nor was the file placed on his desk; that affiant discovered on January 4, 1950, that through oversight the time for answering had expired; that he immediately telephoned Stanley to request additional time to plead and was then informed of the entry of the default judgment; that affiant requested that the default be set aside by stipulation, but Stanley refused to so stipulate.

The motion to set aside the default was opposed. On April 28, 1950, Judge Theresa Meikle caused to be entered an ''Order Setting Aside Default and Default Judgment Upon Condition.'' This order reads, in part, as follows:

''That the default and default judgment heretofore entered in the above-entitled matter be and the same is set aside upon the following express terms and conditions:

''1. That the Defendants pay to Plaintiff for and on account of costs incurred in said action the costs as taxed herein;

''2. That the Defendants pay to the attorney for Plaintiff the sum of $200.00 as part consideration of this order—The default not to be set aside until the payment of costs and attorney fees is paid;

''3. That the books and records of the Defendant corporation be brought from its principal place of business in the

County of Santa Cruz to the City and County of San Francisco and made available for the inspection by the attorney for Plaintiff, at the office of the certified accountant at all times;

"4. That the [Defendants] be . . . restrained from transferring any of [their] assets other than in the ordinary course of business pending the trial of the issues. . . ."

No appeal was taken from this order, but on November 26, 1951, some 19 months after it was entered, plaintiff moved to have it set aside and the judgment restored on the ground that the conditions contained in the order had not been performed. Stanley so averred. Ellis filed a counteraffidavit alleging that he and his clients had complied with the order; that on May 12, 1950, he wrote Stanley requesting a cost bill; that he received no reply; that on May 31, 1950, he wrote to Judge Meikle informing her that he was holding $200 in his trust account for disposition of the matter, and requesting instructions as to its disposition; that Judge Meikle, under date of June 5, 1950, suggested that the money be deposited in court and Stanley notified; that on June 9, 1950, affiant deposited $225 with the clerk of the court and Stanley was notified; that plaintiff made no demand for the money or for the books of defendant, and never submitted a cost bill; that the books and records of defendants have been available; that on June 19, 1950, affiant notified Stanley that the books of defendants were in affiant's office and could be seen in affiant's office or in the office of the named accountants; that on November 29, 1951, affiant withdrew the money deposited with the clerk and sent Stanley a check for $215.75 for the attorneys' fees and costs and again told him that the books were available at the accountant's office; that Stanley refused to accept the check.

On December 4, 1951, Judge Sweigert denied the motion to set aside the order setting aside the default and to restore the judgment. No appeal was taken from this order.

Nothing further occurred until December 1, 1954, on which date plaintiff, ex parte, secured an order from Judge Neubarth for a writ of execution, and levied on certain property of defendants located in Santa Cruz County. Defendants secured several ex parte stays of execution, and then, on January 3, 1955, moved to quash the execution and moved to dismiss the action. The affidavit of Ellis filed in support of the motions avers that all the conditions of the order of April

28, 1950, have been complied with, and that the action should be dismissed because more than five years had elapsed since its commencement. Affidavits of the accountants also averred that the books of defendants, describing them, were available for inspection at their office, but that no demand for such inspection had ever been made. Plaintiff filed cross-affidavits averring that the books in the possession of the accountants were not complete. On January 28, 1955, Judge Neubarth filed an order quashing the execution. This is one of the orders appealed from, and involved on this appeal.

On February 21, 1955, Judge Neubarth entered an "Order Dismissing Action of Plaintiff Pursuant to Section 583 of the Code of Civil Procedure," expressly finding that defendants had complied with all conditions of the order of April 28, 1950; that Judge Sweigert had so determined by his order of December 4, 1951; that no judgment existed since defendants had complied with the April 28, 1950, order; that the action was commenced on October 18, 1949, and more than five years have elapsed since its commencement. Plaintiff has appealed from this order.

On March 14, 1955, plaintiff moved for an order restraining defendants from transferring or mortgaging certain property upon which plaintiff had previously levied, or to post bond, until the validity of the order of February 21, 1955, could be finally determined. This motion was denied March 16, 1955, by the late Judge Deasy. Plaintiff has appealed from this order.

Appellant first attacks the validity of the order setting aside the default made on April 28, 1950, on the ground that the supporting affidavits do not show the required inadvertence, mistake, surprise or excusable neglect. This attack assumes that the validity of that order is reviewable on this appeal. This assumption appears to be contrary to the applicable law.

Of course, an unconditional order made under either section 473 or section 663 of the Code of Civil Procedure granting a motion to vacate a prior judgment is an appealable order, being a special order after final judgment. (*Colby* v. *Pierce*, 15 Cal.App.2d 723 [59 P.2d 1046]; *Casner* v. *Superior Court*, 23 Cal.App.2d 730 [74 P.2d 298]; *Harth* v. *Ten Eyck*, 12 Cal.2d 709 [87 P.2d 693].) In the instant case, the order setting aside the default was made subject to certain conditions. In such event, if the conditional order is self-executing, so far as the conditions are concerned, it is still a final order and is appealable. (*Paul* v. *Walburn*, 135 Cal.

App. 364 [26 P.2d 1002].) ■ On the other hand, if the order setting aside the default on condition contemplates a second order unconditionally vacating the judgment, then the original order is interlocutory and nonappealable. (*Hayes* v. *Pierce*, 18 Cal.App.2d 531 [64 P.2d 728]; *Aalwyn's Law Inst.* v. *City & County of San Francisco*, 39 Cal.App. 365 [178 P. 966].) ■ While it must be conceded that the order of April 28, 1950, is somewhat ambiguous it is susceptible of the reasonable interpretation that it is self-executing. The very first sentence of the order provides that the default judgment "is set aside." Then the order provides that the "default not to be set aside until the payment of costs and attorney fees." These become express conditions precedent which, upon performance, made the order immediately effective. The conditions in the order about inspection of the books were not made conditions precedent but were made simple directives or orders. So construed, which construction is reasonable, the order of April 28, 1950, was a self-executing order that set aside the default the moment the conditions precedent—the payment of costs and attorney fees—were performed. It was, therefore, in our opinion, an appealable order.

■ But even if the order of April 28, 1950, be considered as an interlocutory order, and therefore nonappealable, then there would be no doubt at all that the order of December 4, 1951, refusing to set aside the default and to restore the judgment was a special order after final judgment and appealable. Had such an appeal been taken the appellate court could then have reviewed the validity of the April 28, 1950, order, assuming that order was interlocutory in nature. Thus, under no theory, can the validity of that order now be passed upon.

Appellant's second contention is that the supporting affidavits fail to show compliance with the order of April 28, 1950. There is grave doubt that this issue can be reviewed on these appeals. On December 4, 1951, Judge Sweigert expressly found that there had been compliance with the order of April 28, 1950, and denied a motion to set the default aside. If the order of April 28, 1950, was interlocutory in nature, then the order of December 4, 1951, was an order after final judgment and appealable. (*Hayes* v. *Pierce*, 18 Cal.App.2d 531 [64 P.2d 728].) ■ Since it has long since become final, the issues determined by it are res judicata. (*Lake* v. *Bonynge*, 161 Cal. 120 [118 P. 535].)

On the other hand, if the order of April 28, 1950, was a final

order and therefore appealable, the problem is not quite so clear. ▮ Generally speaking, an order vacating or refusing to vacate an appealable order is itself an appealable order if it presents facts which were not reviewable on appeal from the first order. (*Valentin* v. *Valentin*, 93 Cal.App.2d 588 [209 P.2d 654].) Under this theory, the order of December 4, 1951, would be appealable even if the order of April 28, 1950, was a final self-executing order.

On the other hand, it can be argued that if the April 28, 1950, order was a final self-executing order, it operated to set the judgment aside, so that the order of December 4, 1951, could not be a special order after final judgment, no judgment then being on the books. (See *Colby* v. *Pierce*, 15 Cal.App. 2d 723 [59 P.2d 1046], for a discussion of a somewhat similar situation.) If this theory is sound, the order of December 4, 1951, would not be appealable and could be now reviewed.

On its merits, the affidavits show compliance with the conditions of the April 28, 1950, order. Those conditions were four in number—payment of attorney fees, payment of costs, inspection of the books and restraint on conveyance of defendants' property. The order expressly provided that the "default not to be set aside until the payment of costs and attorneys fees." Thus, these two conditions are expressly made conditions precedent. Ellis' affidavit, already summarized, clearly shows a valid tender of performance of these two conditions. The other two conditions—permit inspection of the books and prohibiting conveyance of the property —would appear to be directives and not conditions precedent to setting the default aside. But if inspection of the books was a condition precedent, the affidavits, already summarized, show compliance.

▮ Plaintiff contends that the deposit of money with the clerk of the court was not a legal tender of the costs and attorney fees, citing *Rauer's Law etc. Co.* v. *Sheridan Proctor Co.*, 40 Cal.App. 524 [181 P. 71]. But the situation here is quite different from what it was in that case. Here, it is averred, Ellis wrote Stanley requesting a cost bill. When none was forthcoming, Ellis wrote the court and on instructions from the court deposited with the clerk more than enough to cover the attorney's fees and costs, and Stanley was so notified. Under section 2074 of the Code of Civil Procedure this would appear to be a valid tender. Plaintiff made no objections to the tender. This failure amounted to a

waiver of any infirmities in the procedure adopted. (Code Civ. Proc., § 2076; Civ. Code, § 1501; *Fogler* v. *Purkiser*, 127 Cal.App. 554 [16 P.2d 305]; *Latimer* v. *Capay Valley Land Co.*, 137 Cal. 286 [70 P. 82]; *Kelley* v. *Russell*, 50 Cal. App.2d 520 [123 P.2d 606]; *Wolff & Co.* v. *Canadian Pac. Ry. Co.*, 123 Cal. 535 [56 P. 453].)

■ So far as the inspection of the books is concerned, Ellis informed Stanley as early as June 19, 1950, that the books were then in his possession and could be seen at his office or at the office of the accountant. Plaintiff made no demand to see the books until 1955. Certainly, defendants' delay from April 28th to June 19, 1950, cannot be held to be unreasonable as a matter of law. Moreover, section 1501 of the Civil Code, and sections 2074 and 2076 of the Code of Civil Procedure contain a complete answer to plaintiff's arguments on this point.

Thus, whether the orders of April 28, 1950, and December 4, 1951, were or were not appealable, they were proper orders.

■ Therefore, the order now directly under discussion—the order of Judge Neubarth of January 28, 1955, quashing the execution—was clearly proper and should be affirmed, because on that date there was no judgment in effect.

■ We now turn to the order of February 21, 1955, also by Judge Neubarth, which dismissed plaintiff's action under section 583 of the Code of Civil Procedure. That section makes mandatory the dismissal of an action "unless such action is brought to trial within five years after the plaintiff has filed his action." Here the action was filed on October 18, 1949, and the motion to dismiss was filed January 3, 1955, a period of five years and three months. Obviously, more than five years had elapsed. But section 583 cannot automatically be applied to every case. There are court-created exceptions. One such exception is here applicable.

In the instant case there was a substantial period during which the default judgment was in existence—from its entry on December 28, 1949, to at least June 12, 1950, when Ellis notified Stanley that the money had been deposited in court. That period amounts to five months, 14 days. During that period it was "impracticable," or "futile" to bring the action to trial. That period, therefore, must be excluded in computing the five-year period. ■ It is well settled that the period during which it is "impossible," "impracticable" or "futile" to try the action must not be included in the five-year period. (*DeMota* v. *Superior Court*, 130 Cal.App.2d 58

[278 P.2d 537]; *Rose* v. *Knapp*, 38 Cal.2d 114 [237 P.2d 981]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Estate of Morrison*, 125 Cal.App. 504 [14 P.2d 102]; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908 [207 P.2d 17].)　　The period from the commencement of the action to the date of entry of the dismissal was five years and four months plus.　It is obvious that if five months and 14 days be deducted from that period, less than five years had elapsed at the time of dismissal.　Thus, the order of February 21, 1955, dismissing the action must be reversed.

Plaintiff also appeals from the order of March 16, 1955, denying his motion to restrain defendants from disposing of property or to post a bond pending appeal.　Plaintiff, however, makes no separate argument on this appeal to this point. The reason is obvious.　　With the affirmance of the order quashing execution the issues presented by the denial of the motion to restrain defendants became moot.　　Moreover, inasmuch as the appeals from the order quashing execution and from the order of dismissal are not orders "directing the payment of money" within the meaning of section 942 of the Code of Civil Procedure, the determination of whether a bond should be required clearly rested within the discretion of the trial court under section 949 of that code.　　Certainly, it is not an abuse of discretion, as a matter of law, to not require the successful party to a proceeding to protect the unsuccessful one during an appeal by the unsuccessful party.

For the foregoing reasons:

1. The order of January 28, 1955, quashing execution is affirmed;

2. The order of February 21, 1955, dismissing the action is reversed;

3. The appeal from the order of March 16, 1955, denying the motion to restrain defendants or to require them to post bond, being moot, is dismissed.

4. Each side on this appeal to bear his or its own costs.

It is so ordered.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied October 11, 1956, and appellant's petition for a hearing by the Supreme Court was denied November 8, 1956.