[Civ. No. 17824. First Dist., Div. Two. May 14, 1958.]

Estate of EDITH LOUISE JARMAN, Deceased. JOHN H. MACHADO et al., Appellants, v. GLENN ALLEN et al., Respondents.

John H. Machado, in pro. per., Daniel M. Feeley and James W. Foley for Appellants.

Preston, Braucht & George and Burnett, Burnett & Somers and John M. Burnett for Respondents.

BRAZIL, J. pro tem.*—The executors of the will of Edith Louise Jarman, deceased, filed a petition in the probate court, pursuant to the provisions of section 588 of the Probate Code, for instructions concerning the payment for legal services by appellant Machado and for investigative services by appellant Ward. The appellants had performed services for the estate in connection with a protracted law suit tried in the superior court, wherein Eleanor North Jarman successfully maintained that about all of the assets of the estate were actually held by the executors in trust for her.

Upon completion of a long and involved hearing, the probate court made the following order:

"Thereupon, the matter being presented and submitted, the court makes its order as follows: 'It is evident that every-

*Assigned by Chairman of Judicial Council.

one isn't going to get what they want in the way of fees and compensation in this case. In the first place, I think that Mr. Machado is entitled to a fee and that it should be paid out of the estate, which, of course, means that Mr. Burnett's client is the one that is going to pay it, I suppose.

"The fee that the court is going to allow will include all compensation that is payable to Mr. Ward. In other words, Mr. Machado will be, it will be his burden to settle with Mr. Ward. I am not unmindful of the letters that are in the evidence respecting Mr. Ward's employment and the statements in them that, if the litigation is unsuccessful, his fee may have to be a little bit less than if it were successful.

"The court is not going to decide at this time the amount of fees that are due Mr. Griswolt and Mr. Braught but will leave that to a later time.

"Also, in as much as Mr. Burnett's clients are the ones that have to pay the fee, it is only equitable, just and fair that all interference with her rights in connection with this Merced property should be dispensed with. In other words, that case should be dismissed insofar as it relates to Mrs. Jarman or her vendee or anyone connected with her; and that will be a condition attached to the allowance of the fee.

"Another condition attached to the allowance of the fee will be the dismissal of the appeal which can easily be accomplished by cooperation between the executors and counsel.

"And a further condition attached to the allowance of the fee will be the dismissal with prejudice of the case that is brought by Ward, because that interferes with the executors in the discharge of their ordinary duties and in the closing of the estate.

"And further, an additional requirement or condition attached to the allowance of the fee will be that on Mr. Machado's part it has to be accepted in writing or by filed acceptance in the files of the case within fifteen days from the date of the making of the order, which is today, now, otherwise the order will be null, void and of no effect, and the executors will be directed to petition the Court for other instructions or further instructions in connection with the allowance of the fee.

"Now, the fee allowed will be $13,500."

No written acceptance, as required by the order, was ever made or filed by Mr. Machado, and before the expiration of 15 days, notice of appeal was filed by the two appellants. It is apparent from a reading of the order that the rights of

the interested parties would be the same whether the order was affirmed or reversed. In either event a further order of instructions is needed, because, the acceptance not having been filed, the order became ineffective by its own terms.

The order, from which the appeal is taken, is obviously conditional. Such an order is not appealable. (*Hayes* v. *Pierce*, 18 Cal.App.2d 531 [64 P.2d 728].) The order was self-executing in that further action by the court was not required if the condition were complied with, but until that time it remained conditional.

The appeal must necessarily be, and it is hereby dismissed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied June 13, 1958.