[Civ. No. 22229.    First Dist., Div. Three.    July 20, 1965.]

L. G. GOVERNALE, Plaintiff and Appellant, v. BETHLE-
HEM PACIFIC COAST STEEL CORPORATION et al.,
Defendants and Respondents.

Rhein & Dienstag, Edward Dienstag, Kirk L. Kirk, George T. Davis and David Norwitt for Plaintiff and Appellant.

Pillsbury, Madison & Sutro, Noble K. Gregory, George A. Sears, James F. Kirkham, Philip S. Ehrlich, Irving Rovens, Matthew Koppel, Fitzgerald, Abbott & Beardsley, Leo H. Shapiro, Stephen D. Maffini, Glicksberg, Kushner & Goldberg, Horton, Knox, Carter & Rutherford, Goldstein, Brann & Stern, Dinkelspiel & Dinkelspiel, Reginald L. Knox and Leonard G. Weiss for Defendants and Respondents.

SALSMAN, J.—On March 13, 1959, appellant filed a complaint alleging that the respondents, together with various other persons and corporations sued by fictitious names, had converted his personal property. On April 15, 1964, the trial court entered its order dismissing the action pursuant to section 583 of the Code of Civil Procedure. Appellant brings this appeal from that order.

The relevant part of section 583 reads: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have

filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff. . . ."

Appellant first contends that it was error to dismiss his action because on its facts it falls within certain judicially established exceptions to section 583, and second that the trial court abused its discretion in refusing to advance the date for pretrial conference and trial, so that the bar of the statute could have been avoided. An examination of the record, however, and a consideration of the applicable authorities clearly demonstrate the propriety of the trial court's rulings. We therefore affirm the judgment.

Appellant's complaint was filed on March 13, 1959. The respondents were served with process and all had answered by August 9, 1961, with the exception of respondent Hyman-Michaels Company. On August 3, 1961, appellant filed a memorandum asking that the action be set for trial, and stating that the pretrial conference would require two days, and the trial two weeks.

In April 1962 appellant served respondent Hyman-Michaels Company. The latter attempted unsuccessfully to quash service of summons and was ordered to answer.

In March 1963 the court set May 6th as the date for a pretrial conference. In April, however, appellant requested the court to place the case on its reserve calendar, to be reset at the request of any party.

In May 1963 two of the respondents propounded interrogatories to appellant. One respondent notified appellant that after the interrogatories were answered, it desired to take appellant's deposition and to pursue such other discovery as might be indicated. Appellant requested that his time to answer interrogatories remain open, and respondents propounding the interrogatories agreed.

Appellant took no further action in the case until January 20, 1964, when he filed a motion to set a trial date certain, on the ground that the five-year limitation of section 583 was in danger of running. The motion was heard January 27th. On January 28th appellant filed answers to one set of interrogatories transmitted to him more than eight months before. On January 29th appellant filed a motion to advance the case for pretrial and to fix a date certain for that step in the action. This motion was heard on February 7th, and on

February 10th the court denied the motion to fix a trial date and also denied appellant's request to advance the pretrial conference date. In denying these motions the court noted that respondent Hyman-Michaels had not yet filed its answer to the complaint and that, as to that party, the action was not at issue. Three days after appellant's motions were denied, respondent Hyman-Michaels filed its answer.

On February 27th the court fixed April 10th as the date for pretrial conference.

On March 16th and 17th respondents filed separate motions to dismiss the action because of appellant's failure to bring it to trial within the five-year period specified in section 583. On April 15th the court granted these motions and ordered the action dismissed.

Appellant correctly points out that it is the policy of the law to favor the trial of an action upon its merits, and that appellate courts are more disposed to affirm an order where the result is to assure a hearing upon the issues presented than to allow an order to stand where the result is to deny trial. (*Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 P. 148].) This policy, however, has its widest application when the discretionary powers of the court are invoked. ■ Here, however, in the application of section 583 to the facts, we are not concerned with any discretion exercised by the trial court because the statute, where applicable, is mandatory. (*Tunis* v. *Superior Court,* 59 Cal.2d 465, 466 [30 Cal. Rptr. 135, 380 P.2d 823]; *Ellsworth* v. *United States Metals Corp.,* 110 Cal.App.2d 727, 728 [243 P.2d 575].) Unless appellant brings himself within one of the exceptions expressly allowed in the statute, or within one of the implied exceptions engrafted upon the statute by appellate decisions, the statute must be applied and given the effect which it was intended to have.

No contention is made that either of the express exceptions noted in the statute are applicable to our facts. There was no stipulation in writing that time within which to bring the action to trial might be extended, nor is it seriously urged that any respondent was absent from the state or concealed within the state for the purpose of avoiding the process of the court or avoiding trial. Appellant does contend, however, that his case falls within certain judicially created exceptions to section 583. Despite its apparently mandatory language (*Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736, 740 [329

P.2d 489]), such exceptions do exist. (*Rose* v. *Knapp*, 38 Cal.2d 114, 117 [237 P.2d 981]; *J. C. Penney Co.* v. *Superior Court*, 52 Cal.2d 666, 671 [343 P.2d 919].) Thus it is established that the time during which "for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile" (*Christin* v. *Superior Court*, 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153]) is excluded from the five-year period. (*J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d 666, 671, and cases cited; *Ellsworth* v. *United States Metals Corp., supra,* 110 Cal.App.2d 727, 728, fn. 1, and cases cited.)

Appellant first argues that the period of time during which respondent Hyman-Michaels' motion to quash service of summons was pending should be excluded from the five-year period because during that time the court lost jurisdiction of the case and hence trial was impossible. This argument is unsupported by authority. ▮ It seems plain that time consumed in disposition of the motion to quash service of process, like that necessarily consumed in the disposition of a demurrer, a motion to strike, or an amendment to the pleadings, or while waiting for a place on the court's calendar must be included in the five-year period. (*J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d 666, 670.) The mere fact that such a motion was made had no effect upon the court's jurisdiction.

Next it is urged that the period of time following the date originally set for pretrial must be excluded. ▮ But, as stated in *J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal. 2d 666, 670-671, the pretrial rules do not affect the operation of section 583. They do add another step in the proceedings leading up to trial, but the case must still be brought to trial within five years after the action is filed.

▮ It is also contended that during the time the answer of respondent Hyman-Michaels was not on file it would have been impracticable or futile to bring the action to trial. Appellant cites and relies upon *Reeves* v. *Hutson,* 144 Cal.App. 2d 445, 453 [301 P.2d 264]. In *Reeves,* however, the plaintiff had obtained a judgment by default which was subsequently set aside, and the court properly held that the time during which the default judgment was in effect should be excluded from computation under section 583 because during that time it was "impracticable" or "futile" to bring the action to

trial. Since the default judgment in *Reeves* was against all defendants, as long as that judgment remained undisturbed, there were no issues to try. Here, of course, there was no judgment entered against respondent Hyman-Michaels, nor did appellant take any step towards having a default or default judgment entered against that respondent. The record explains why this occurred. It appears that, when ordered to answer, respondent Hyman-Michaels prepared its pleading and mailed a copy to appellant. For some reason the original answer did not reach the clerk's office. All parties, however, appear to have assumed that the answer was on file until the trial judge noted its absence in ruling on appellant's motion to fix a date for pretrial. Thus no reason is shown why it would have been "impracticable" or "futile" to bring the action to trial during this period of time, since the answers of all other respondents were on file, and appellant appears to have assumed that the case was at issue as to respondent Hyman-Michaels also.

We reject appellant's further contentions that the trial court abused its discretion in refusing to advance the date for pretrial and trial.

The record is clear that from the time the action was filed on March 13, 1959, until January 20, 1964, when the motions to advance were filed, the case had not been prosecuted with diligence. The trial judge noted in his memorandum opinion on denying the motions that "(1) the only reason plaintiff advances for the granting of the motions is the imminence of the expiration of the five-year period, (2) plaintiff offers no excuse for not having prosecuted the matter to trial earlier; particularly is he silent upon the delay of more than eight months in filing answers to the interrogatories, . . ." At the time the motions to advance were filed, appellant knew that, after his answers to interrogatories had been given, certain of the respondents wished to take his deposition and to make such other discovery thereafter as might be indicated. The court took notice also of possible prejudice to respondents, as disclosed by their declarations, in being forced into pretrial and trial without full discovery. The court commented upon the number of defendants and cross-defendants involved in the action and concluded that pretrial would ". . . not . . . be a simple matter." Finally the court pointed out that its pretrial conference calendar was made up a minimum of 40 days in advance in order to comply with rule 209(b), California Rules of Court, and that

a case in which pretrial was estimated to require two days, such as appellant's, could not be accommodated on short notice without prejudice to other litigants.

■ The motion to fix a date certain for trial and the motion to advance the date of the pretrial conference were addressed to the sound legal discretion of the court, and its ruling will not be disturbed except upon a showing of an abuse of discretion. (*Beswick* v. *Palo Verde Hospital Assn.*, 188 Cal.App.2d 254, 260 [10 Cal.Rptr. 314].) ■ No such showing is made here. It follows that the court's rulings were entirely correct. (*Stuart* v. *Hollywood Turf Club*, 146 Cal.App.2d 261, 263 [303 P.2d 897].) In passing upon appellant's motion the court was entitled to consider the entire factual record. It was not limited to a consideration of appellant's diligence after he realized that the mandatory provisions of section 583 might compel dismissal. It was, of course, incumbent upon appellant at all times to use diligence at every step of the proceeding in order to expedite his case to final determination. (*Gunner* v. *Van Ness Garage*, 150 Cal. App.2d 345, 347 [310 P.2d 32].) Respondents were not charged with pressing the action to trial, but were only bound to meet appellant step by step as the action progressed. (*Oberkotter* v. *Spreckels*, 64 Cal.App. 470, 473 [221 P. 698]; *Steinbauer* v. *Bondesen*, 125 Cal.App. 419, 426-427 [14 P.2d 106]; *Continental Pac. Lines* v. *Superior Court*, 142 Cal.App.2d 744, 753 [299 P.2d 417].) The facts before the court clearly warranted denial of appellant's motions and no abuse of discretion appears.

■ Appellant has noticed an appeal from the trial court's denial of his motions to advance the pretrial conference date and to advance the trial date. He has also appealed from the order denying his motion to strike the answer of respondent Hyman-Michaels Company. The orders denying each of these motions are not separately appealable (Code Civ. Proc., § 963; *Oak Grove School Dist.* v. *City Title Ins. Co.*, 217 Cal.App.2d 678, 709 [32 Cal.Rptr. 288]), and hence the purported appeal from those orders is dismissed.

The order dismissing the action is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied August 19, 1965, and appellant's petition for a hearing by the Supreme Court was denied September 15, 1965.