[Civ. No. 3236. First Appellate District, Division One.—March 4, 1920.]

## T. B. WILKINSON, Appellant, v. F. F. GRANT et al., Respondents.

[1] CORPORATIONS—ACTION BY CREDITOR TO RECOVER UNPAID SUBSCRIPTIONS—SEVERAL JUDGMENTS.—In an action by a judgment creditor of a corporation to recover from the stockholders the amount of the plaintiff's judgment out of the unpaid subscriptions of said stockholders, several judgments may be entered, where the complaint against each of the defendants is several and their defenses are separately and severally made.

[2] ID.—OWNERSHIP OF STOCK AT COMMENCEMENT OF ACTION—PLEADING—PROOF—FINDINGS.—In such an action, the plaintiff must plead and prove, and the trial court find, that the defendants were the owners of the stock at the time of the commencement of the action in which they are sought to be held liable for unpaid subscriptions thereon, that requirement not being met by pleading, proof, and findings, that the defendants were the owners of the stock at the time the liability of the corporation to plaintiff arose.

[3] Judgments—Vacation and Entry of Different Judgments—
Correction of Conclusions of Law—Code Provision Directory.
The provision of section 663 of the Code of Civil Procedure relat-
ing to the amendment and correction of conclusions of law, where
a judgment is set aside and another or different judgment en-
teréd, is merely directory, and failure to comply therewith does
not constitute error requiring a reversal of the latter judgment.

APPEAL from a judgment of the Superior Court of
San Diego County. T. L. Lewis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cates & Robinson for Appellant.

Wright & McKee, S. D. O'Neal, Hendee & Rodabaugh and
F. F. Grant for Respondents.

RICHARDS, J.—This is an action by the judgment
creditor of a corporation to recover from the defendants,
as stockholders therein, the amount of the plaintiff's judg-
ment out of the unpaid subscriptions of said stockholders.
Upon the trial of the cause the action was dismissed as to the
defendants other than those who are the respondents herein,
but as to these the court made its findings and conclusions
of law, in the latter of which it found that the plaintiff
was entitled to judgment against these defendants for the
amounts which would be applicable out of their unpaid
subscriptions, respectively, to the plaintiff's judgment
against the corporation. A judgment was entered in ac-
cordance with such conclusions of law, whereupon the
defendants separately moved the court, under section 663
of the Code of Civil Procedure, to vacate the judgment so
entered and enter a judgment in favor of each of said
defendants. The court granted each of these motions, and
upon each proceeded to enter a judgment in favor of the
moving party and against the plaintiff. While there were
thus in form two judgments finally entered in the action,
they were as to the plaintiff the same. The plaintiff has
appealed from both these judgments.

There is no merit in the appellant's first contention based
upon the fact that there are two judgments in this case.
[1] The complaint against each of these defendants was

several, as were also their defenses, which were separately
and severally made. In such a case, under section 578 of
the Code of Civil Procedure, several judgments may be
entered. (*Shain* v. *Forbes*, 82 Cal. 577, [23 Pac. 198].)

The next and main contention of the appellant is that
the trial court was in error in granting the motions of the
defendants to set aside the judgment at first entered in the
plaintiff's favor and in entering the judgment or judgments
in favor of each of said defendants and against the plaintiff
upon the findings in the case. The motions of the defend-
ants to that effect were based upon the fact that there was
no averment in the plaintiff's complaint that either of said
defendants was a stockholder in said corporation at the
time the action was commenced, and upon the further fact
that there was no finding that either of said defendants
was such stockholder at the time of the commencement of
the action. The record discloses this to be the fact as to
both the complaint and the findings in the case. In the
complaint it is alleged that on or about July 25, 1914, nearly
three years before the commencement of this action, each
of said defendants subscribed for and had issued to him
the shares in the corporation upon which his liability in this
action is sought to be predicated. It is also alleged that
the cause of action upon which the plaintiff's judgment
against the said corporation was founded arose during the
ownership by said defendants of their respective shares of
stock in said corporation, but it is nowhere averred that said
defendants continued to be the owners of their said stock
or any portion thereof up to the date of the institution of
the action. The findings of the court repealed these aver-
ments of the complaint, but embrace no finding of any
ownership of the stock of the corporation in question at the
time of the institution of the action.

[2] It is a rule of evidence expressed in section 1963,
subdivision 32, of the Code of Civil Procedure, "that a
thing once proved to exist continues as long as is usual with
things of that nature." It has been frequently held, how-
ever, that this is not a rule of pleading, and that there is no
presumption that a fact pleaded as existing upon a date
preceding the commencement of the action continues to exist
thereafter. (*Pettit* v. *Forsythe*, 15 Cal. App. 149, [113 Pac.

892] ; *Herzog* v. *Atchison & Topeka R. R. Co.,* 153 Cal. 496, [17 L. R. A. (N. S.) 428, 95 Pac. 898] ; *Van Alstine* v. *Whelan,* 135 Cal. 232, [67 Pac. 125] ; *Fredericks* v. *Tracey,* 98 Cal. 658, [33 Pac. 750].) It has also been held that the rule of evidence above cited has no application to the findings of fact in the case. (*Bull* v. *Bray,* 89 Cal. 286, [13 L. R. A. 576, 26 Pac. 873] ; *Estate of Benton,* 131 Cal. 472, [63 Pac. 775].) The findings of fact must follow the essential averments of the complaint in order to support a judgment in the plaintiff's favor, and if, in this case, it was essential that the plaintiff should have averred the fact of the ownership by these defendants of their respective shares of stock upon which their liability upon their unpaid subscriptions was to be founded at the time of the commencement of his action, and if it was further essential that the plaintiff should have proved this averment in order to recover a judgment based upon such liability, then it was equally essential that the court should have found the ultimate fact that the ownership of said stock was in the defendants, respectively, at the time of the institution of the action in order to justify a judgment in the plaintiff's favor. This requirement would not be met by a finding that the defendants were the owners of their alleged stock at some date long prior to the commencement of the action, nor even by a finding that the defendants owned said stock at the time the liability of the corporation to the plaintiff arose. Under the well-established rule of law, ownership by a defendant of the stock upon which it is claimed he is liable for unpaid subscriptions must be alleged and found to exist as a fact at the time of the commencement of the action in which he is sought to be held liable for unpaid subscriptions thereon. (*People's Home Sav. Bank* v. *Rickard,* 139 Cal. 285, [73 Pac. 858] ; Cook on Corporations, 7th ed., sec. 255.) This general rule is subject only to the exception that the defendants' transfer of stock upon which there are liabilities arising out of unpaid subscriptions may be alleged and shown to have been fraudulent, in which event his liability continues notwithstanding such transfer. In the instant case, however, there is no such averment, proof, or finding, and it follows that in the absence thereof the plaintiff was not entitled to the judgment in his favor

which was at first entered in this action, and, hence, that the defendants were each entitled, upon their motion under section 663 of the Code of Civil Procedure, to have such judgment set aside and a judgment entered upon the findings in favor of each of them.

[3] The appellants' final contention is that, conceding the foregoing views to be correct, the court committed an error of procedure, requiring a reversal of these judgments, since it did not also correct its conclusions of law in the case, as section 663 of the Code of Civil Procedure directs. That this requirement of said section is merely directory, however, seems to have been held in the case of *Roberts* v. *Hall*, 147 Cal. 434, [82 Pac. 66], in which the supreme court said that "when a judgment is given by a court it is in itself the real conclusion of law, and supersedes any conclusion of law embraced in the decision."

Judgment affirmed.

Gosbey, J., *pro tem.*, and Waste, P. J., concurred.