[L. A. No. 10993. In Bank.—June 26, 1931.]

O. R. MASON, Respondent, v. R. F. DEL VALLE et al., Appellants.

Erwin P. Werner, City Attorney, W. Turney Fox, Assistant City Attorney, and W. B. Matthews, Clarence S. Hill, Francis H. Lindley and Kenneth K. Scott, Deputies City Attorney, for Appellants.

Otto A. Gerth for Respondent.

PRESTON, J.—Proceeding instituted in 1928 to enjoin the use and maintenance of a 66-inch pipe-line across property acquired in 1924 by plaintiff and described as lot 45, tract 1336, city of Los Angeles. Defendants are the city itself and certain agents or agencies thereof. At least two special defenses were interposed: First, that a public use had theretofore intervened and, second, that defendant city had acquired by prescription a right of way 25 feet in width across said property for the construction, maintenance and use of said pipe-line which had become part of the trunk line carrying a supply of water from Inyo County to said city for the use of its inhabitants. Defendants claimed that upon either or both grounds plaintiff must be denied injunctive relief.

The complaint prayed for no alternative relief in damages or otherwise. It stood exclusively upon the claim for an injunction. The answer prayed for no affirmative relief. The issue of injunction was therefore the sole issue before the court. Upon the trial the court denied the injunction and gave judgment for defendants, which judgment contained the following language:

"Now, therefore, it is hereby ordered, adjudged and decreed that the injunction as prayed by plaintiff above named be and the same is hereby denied, for the reason that the detriment to be suffered by defendants would not be adequately balanced by the benefit to be enjoyed by plaintiff in the event that said injunction should be granted as prayed. And it is further ordered, adjudged and decreed that the denial of the said injunction as prayed be without prejudice to the maintenance by plaintiff of an action for damages, if any, occasioned by the trespass of the defendants and each of them through the maintenance and use by them and each of them of a sixty-six (66) inch pipe line in and across that portion of plaintiff's property described as follows: . . . "

Defendants appealed from all of the judgment except, of course, that part thereof denying the injunction. Coupling the above-quoted provision of the judgment with certain rather ambiguous findings of fact and conclusions of law, appellants fear that the issue of prescription has reached the state of *res judicata* as against their contention and accordingly they assert that the evidence shows without sub-

stantial conflict that a right of way for said pipe-line was, in fact, acquired by prescription in that the pipe-line was completed in 1914 and has been continuously since then in use openly and notoriously under a claim of right for said purpose. We do not see any real ground for this fear on the part of appellants. Indeed, counsel for respondent himself concedes that no such adjudication has yet been made. ▆ The judgment is the only real conclusion of law and displaces all former statements in the findings on the subject. (*Roberts* v. *Hall,* 147 Cal. 434, 437 [82 Pac. 66].)

Even if it be conceded that the judgment might have been broader under the findings of fact, it does not follow that such issues as were not determined by the judgment have become *res judicata* because of the language of the findings. ▆ The safe rule seems to be that only such issues have become *res judicata* as were properly adjudicated in the judgment. While appellants have not urged this contention, it seems to be sound and to be conceded by respondent and to dispose of the appeal, for the judgment does not purport to settle any issue save alone the issue of injunction based upon the ground of the intervention of a public use. The language of the judgment above quoted seems to be merely precautionary, to make certain that no adjudication has been made of the question of damages for an act founded originally at least in trespass. The action of the court as thus interpreted is not subject to the attack made upon it by appellants.

The judgment is affirmed.

Shenk, J., Richards, J., Seawell, J., and Langdon, J., concurred.