[Civ. No. 4585.   Third Appellate District.—January 12, 1932.]

LEO DELMUTO, a Minor, etc., Petitioner, v. SUPERIOR COURT OF SAN JOAQUIN COUNTY et al., Respondents.

A. Dal Thomson and Berry & Watson for Petitioner.

Charles H. Epperson for Respondents.

PRESTON, P. J.—Petition to review and annul certain proceedings of the Superior Court of San Joaquin County.

The facts are these: Earcle Firkins was injured in an automobile accident in the city of Tracy, San Joaquin County, on July 8, 1928. On July 25, 1928, he brought an action for damages in the superior court of that county against Leo Delmuto, the driver of one of the automobiles involved in the accident, his father and mother, A. Delmuto and Mrs. A. Delmuto, and, also against one Dominic Valinoti. Earcle Firkins and Leo Delmuto are both minors.

The complaint in said action alleged that petitioner was driving the car and that his negligence caused the injuries complained of, and that A. Delmuto and Mrs. A. Delmuto

were the parents of petitioner and had signed his application for a minor's license to drive the automobile, and were therefore responsible for the negligence of petitioner. The complaint also alleged that Dominic Valinoti was driving a third car, which was racing with the car driven by the petitioner, and was also liable in damages for the injuries to plaintiff.

After the case was started, but before trial, A. Delmuto died and was apparently forgotten by all parties, as no relief was sought against him. The case went to trial before the court without a jury, and after trial, the court found that Dominic Valinoti was not negligent, but no judgment was entered for or against him. The court also found that petitioner Leo Delmuto was negligent and that his negligence caused the injuries complained of. The court also found that the mother had signed Leo's application for a license and was, therefore, liable for his negligence. The conclusions of law which followed said findings are as follows:

"1. That the plaintiff is entitled to a judgment against the defendant Mrs. A. Delmuto for the sum of $5,150, together with his costs of suit herein incurred.

"2. That plaintiff take nothing as against the other defendants named therein. (Leo Delmuto and Dominic Valinoti.)

"Let judgment be entered accordingly."

On November 22, 1928, a judgment was made and entered upon these conclusions of law. The judgment, after the preliminary recitals, reads as follows: "Ordered, adjudged and decreed that the plaintiff Earcle Firkins do have and recover from the defendant Mrs. A. Delmuto the sum of $5,150, together with plaintiff's costs and disbursements incurred in said action, amounting to the sum of $38.50." Then follows the date and signature of the judge.

Nearly three years after said judgment became final, and on September 28, 1931, the plaintiff therein (petitioner in this proceeding) filed the following notice of motion in said case:

(Title of Court and Cause.)

"To Leo Delmuto and to Berry & Watson and George Wadsworth, his attorneys:

"You and each of you will please take notice that the undersigned plaintiff will, on Tuesday, the 6th day of October, 1931, at the hour of 9:30 a. m., or as soon thereafter as counsel may be heard, in department number 2 of the above entitled court, move the court for an order amending the conclusions of law hereinbefore filed in the following particulars, to-wit:

"That paragraph two of said conclusions of law be amended to read as follows: 'That plaintiff is entitled to a judgment against the defendant Leo Delmuto in the sum of five thousand one hundred fifty ($5,150), dollars, together with his costs of suit herein incurred. That plaintiff take nothing against the defendant Dominic Valinoti.'

"Or in lieu thereof that said conclusions of law be amended as follows: That paragraph two be amended to read as follows: 'That this action be contained (continued) as to the defendant Leo Delmuto, until such time as a guardian *ad litem* is appointed for the said Leo Delmuto, a minor. That plaintiff take nothing against the defendant Dominic Valinoti.' That plaintiff be allowed to file a petition for the appointment of a guardian *ad litem* for said Leo Delmuto instanter.

"Said motion will be made upon the ground that the conclusion of law heretofore existing that plaintiff take nothing against the defendant Leo Delmuto is not consistent with and is not supported by the findings of fact in said case duly found.

"Said motion will be based upon the files and records in the case, the evidence taken at the trial thereof, and oral and documentary evidence to be adduced at the hearing of said motion.

"Dated, September 28, 1931.

"CHAS. H. EPPERSON,
"Attorney for plaintiff."

After said motion was made and considered by the court and on the third day of November, 1931, the court made the following order, which after the preliminary matters, reads as follows: " . . . thereupon, the Court made an order that the conclusions of law be amended as follows: That paragraph two be amended to read as follows: 'That this action be contained (continued) as to the defendant Leo Delmuto, until such time as a guardian *ad litem* is

appointed for the said Leo Delmuto, a minor. That plaintiff take nothing against the defendant Dominic Valinoti;' that plaintiff be allowed to file a petition for the appointment of a guardian *ad litem* for said Leo Delmuto. The Court denied the motion as to the other grounds, and overruled the objections of defendants to the filing of the petition for the appointment of a guardian of Leo Delmuto defendants' objections being upon the ground that the Court had no jurisdiction to receive it. The motion of plaintiff to amend the petition upon the face thereof was granted. It was stipulated by counsel in open court that defendants may have time within which to apply for a writ of *certiorari.*"

This is the order which the petitioner herein seeks to have reviewed and annulled.

█ Petitioner contends that the order reopening and purporting to continue this case, and permitting further proceedings, was in excess of the court's jurisdiction and void.

We think this contention must be sustained.

The judgment rendered against Mrs. A. Delmuto was the only judgment called for by the findings and conclusions of law. And that judgment has long since become final. █ If the conclusions of law are erroneous in that they should have stated that plaintiff was also entitled to judgment against Leo Delmuto, plaintiff should have made a timely motion in the lower court to correct the conclusions of law, pursuant to sections 663 and 663a of the Code of Civil Procedure, and failing in this, should have appealed from the judgment. (24 Cal. Jur. 1003; 14 Cal. Jur. 983.) Plaintiff did neither and the time for so doing has long since passed. Likewise, the time for relief under section 473 of the same code has passed.

█ The law, however, seems well settled that when the judgment is given by the court, *it is itself the real conclusion of law and supersedes any conclusion embraced in the decision.* (14 Cal. Jur. 983; *Wilkinson* v. *Grant,* 46 Cal. App. 429 [189 Pac. 319]; *Roberts* v. *Hall,* 147 Cal. 434 [82 Pac. 66].) *Therefore, the learned trial judge, in rendering judgment against Mrs. A. Delmuto alone, has concluded that no judgment should be entered against Leo Delmuto, and it now is beyond the jurisdiction of the court*

*to change this conclusion. It is true no judgment was rendered against Leo Delmuto, but a final judgment against Mrs. A. Delmuto alone was entered, which is fully supported by the findings and conclusions of law, and which now bars petitioner from having changes made in said conclusions of law.*

If we consider the conclusions of law, which the trial court has sought to change, as really findings, it likewise had no power to change or correct them at this late date, for in *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001, 1004], the Supreme Court said:

"The only mode under our system by which findings of fact may be disturbed by the trial court after they have been filed and judgment has been entered thereon, 'except perhaps in respect of a mere clerical error or misprision', is by the granting of a new trial."

We are also satisfied that the motion of respondent to dismiss these proceedings on the ground that petitioner has a plain, speedy and adequate remedy at law by appeal cannot be granted under the facts revealed by the record. (See *Stanton* v. *Superior Court, supra,* and cases there cited.)

We think the order complained of was beyond the jurisdiction of the court to make and, therefore, must be annulled and the motion to dismiss the proceedings denied, and it is so ordered.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 11, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 7, 1932.