[Civ. No. 14002.   First Dist., Div. Two.   Sept. 15, 1949.]

NINA VALENTIN, Appellant, v. MARCELINO
VALENTIN, Respondent.

Lelia R. Leep for Appellant.

Ferriter, Purcell & Riordan for Respondent.

NOURSE, P. J.—This is an appeal in a divorce action from an order denying a motion to set aside an order appraising an automobile, part of the community property of the parties and for reappraisement. In November, 1947, appellant,

wife, was granted an interlocutory decree of divorce in which, as her one-half of the community property she was, among other things, awarded "one-half the market value of the 1941 Hudson automobile." In that respect the findings of fact and conclusions of law contain the following: "that said Hudson automobile hereinafter mentioned shall be sold at the fair market value thereof, and the said automobile shall be sold by the defendant, and the said net purchase price shall be divided equally by the parties plaintiff and defendant herein." April 8, 1948, the following order was filed:

"This cause, having come regularly on for hearing, and plaintiff above named being represented by her counsel, Lelia R. Leep, and defendant herein being represented by his counsel, William E. Ferriter, and the Court being advised by both parties that the only matter before the Court was the valuation of a certain automobile, which the Superior Court of the City and County of San Francisco, State of California, had heretofore ordered sold and the proceeds of said sale divided between the parties hereto or that the defendant in said action pay one-half of said appraised value of said automobile to the plaintiff herein, and the Court thereafter having appointed an appraiser of said automobile and the appraiser having reported that the automobile in question was of the value of $478.00, and the matter being submitted to said Court.

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the valuation of said automobile in dispute between said parties is of the total value of $478.00 and that the said plaintiff herein is entitled to one-half of said sum, or the sum of $239.00."

No appeal was taken from this order, but on April 19, 1948, appellant filed a notice of motion to set aside the appraisement and for reappraisement, "making said appraisement the market value of said car as is provided in and by the interlocutory decree of divorce heretofore made and entered herein." The notice states that the motion will be made on all the records "and upon oral sworn testimony to be taken at said time and place," but does not state any grounds for the vacation except as implied in the above. An affidavit of appellant in support of the motion states that the interlocutory decree provides that each party have one-half of the *market value* of the automobile; that the market value is the sum of $1,000 for which it can be sold in the open market; that the appraiser, Mr. Harwood of Glen C.

Stater Automobile Company, notified defendant and his counsel that $478 was the price for which said company would purchase the car for resale; that the dealer's purchase price is not the market value as the appraiser, defendant and counsel knew and that it was done with the intent and for the purpose of defrauding the plaintiff; with a prayer to the effect that the market value of said car be legally fixed after hearing the appraiser and other automobile dealers.

At the hearing the appraiser, called as a witness for appellant, testified among other things that he fairly and honestly made the appraisal of the car without knowing whose automobile it was, based on "market price less reconditioning." For the market price of the 1941 business coupé Hudson automobile he would have to check back on the blue book at the time that it was appraised, which he did not have. The appraisal had been oral. He had not said that the appraisal was based on the purchase price of his firm. Appellant then called an automobile dealer as a witness, but the court refused to hear him, stating that each party had suggested a firm for the appraisal and that the court took the one appellant suggested; that the court was satisfied that Mr. Harwood had proceeded in accordance with the requirements of the law and that the fact that someone else had a different idea of value was not sufficient to set it aside. What appellant's attorney wished to prove by the dealer is shown by her statements to the court that the witness had the blue book value of the car; that the market value was the blue book value and that the blue book value was $935. The court replied that the market value depends on the condition of the car and that the court had proceeded in accordance with the request of appellant's attorney. The motion was then denied.

On appeal of the denial appellant urges that the original order should have been vacated because, in excess of jurisdiction, it modified the findings of fact and conclusions of law and the interlocutory decree so as to dispense with the selling of the car, provided for in the findings and conclusions, and to substitute another value, to wit "market value less the costs of reconditioning" for the "market value" mentioned in the interlocutory decree, and that it was error to appraise the car on this wrong basis and to refuse to hear testimony of dealers as to the market value.

Respondent suggests that there is considerable doubt whether the order appealed from is an appealable order but

the parties did not brief this point. ▮ The original order of April 8, 1948, made after the entry of the interlocutory decree, was appealable as a special order after final judgment (*Fulton* v. *Fulton*, 220 Cal. 726, 729 [32 P.2d 634]). ▮ Although as a rule no appeal lies from an order refusing to vacate an appealable order when such an appeal would duplicate the review which could be had on appeal of the original order, the appeal will lie where the circumstances are such that ''an appeal from the first order would be vain for lack of a record showing the rights of the aggrieved party.'' (2 Cal.Jur. § 31, p. 167; *In re Yoder*, 199 Cal. 699, 703 [251 P. 205]; *Hilliker* v. *Board of Trustees*, 91 Cal.App. 521, 526 [267 P. 367]; *Johnson* v. *Sun Realty Co.*, 138 Cal. App. 296, 298 [32 P.2d 393].) It would seem that at least part of appellant's grounds for setting aside the order could not be reviewed on the record pertaining to the original order; we will therefore decide the appeal on the merits.

▮ However we do not find any merit in appellant's contentions with respect to modifications allegedly made by the court in excess of jurisdiction. By not ordering the sale of the car as had been done in the findings of fact and conclusions of law, the court correctly gave precedence to the interlocutory decree, which omitted such sale. ''The judgment is the only real conclusion of law and displaces all former statements in the findings on the subject.'' (*Mason* v. *Del Valle*, 213 Cal. 30, 32 [1 P.2d 419]; *Liuzza* v. *Brinkerhoff*, 29 Cal.App.2d 1, 5 [83 P.2d 976].) The order of appraisal does not show any intent to deviate from the market value as mentioned in the interlocutory decree. The court evidently accepted the amount stated by the appraiser as a correct statement of the market value. The fact that the appraiser took in consideration the need of reconditioning of the car does not show that he did not appraise according to market value. In *Continental Rubber Works* v. *Bernson*, 91 Cal.App. 636, 638 [267 P. 553], the court cites the definition of ''market value'' of Bouvier in his Law Dictionary as ''a price established by public sales, or sales in the way of ordinary business, as merchandise'' and the ''price at which such articles are sold and purchased.'' Such price is evidently influenced by need of reconditioning of the car. The expression ''market price less reconditioning'' used by the appraiser obviously did not mean that the market price of the individual car was reduced by the cost of its reconditioning, but that the market value of the individual car was

found by taking the market price of a car in the condition for which the blue book price was established and deducting the cost of bringing the individual car up to that condition. Even if this were not a correct method of arriving at the market value of an individual car it would be a matter of judicial error not one of jurisdiction.

█ Except in cases where the law expressly makes provision therefor, as in section 473 and 663, Code of Civil Procedure, not here involved, such judicial error can not be made the basis of a motion to vacate. "While a court has power to set aside judgments and orders inadvertently made which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend judicial error except under appropriate statutory procedure." (*McMahan* v. *Baringer*, 49 Cal.App.2d 431, 432 [122 P.2d 63] ; *Bastajian* v. *Brown*, 19 Cal.2d 209, 214 [120 P.2d 9].) This rule disposes of both alleged errors as to appraisal and as to the refusal to hear witnesses to prove and to remedy the error in appraisal. With respect to the last point the court stated another ground for its ruling excluding the testimony, to wit, that appellant in absence of fraud was bound by the appraisal made in accordance with her request. █ It is true that parties may agree to be concluded by an informal appraisal (3 Cal.Jur. 68, § 28; *California Annual Conf. of M. E. Church* v. *Seitz*, 74 Cal. 287, 296 [15 P. 839]), but the record does not contain any indication of such an agreement, express or implied, and without it the appraisal would at most be evidence subject to rebuttal. █ We, however, shall uphold the court's ruling on the ground that evidence of the true market value was immaterial so long as no ground for vacating the order of appraisal had been proved. Whether the alleged fraud was such that it could provide a ground for vacating the order we need not decide, as no evidence whatever of such fraud was adduced. █ If the evidence of the true market value were material for any other purpose than to prove that the evaluation in the order was erroneous, appellant would not be in a position to complain of the exclusion as no other purpose was stated to the trial court as a reason for admissibility. (*Estate of Parkinson*, 190 Cal. 475, 477 [213 P. 259] ; *Smith* v. *Fall River Joint Union High School Dist.*, 118 Cal.App. 673, 682 [5 P.2d 930].)

█ Appellant states incidentally that the court took the appraisement over the telephone without notice to the plain-

tiff appellant. Neither this nor any other informality, infringement of due process, or deprivation of rights was stated as ground for vacating the order; no attempt was made to create a record as to any such point and the record does not show it. No such matter is therefore before us.

Order affirmed.

Goodell, J., and Dooling, J., concurred.