[Civ. No. 21304. Second Dist., Div. Two. Nov. 30, 1955.]

ERNESTINE SALAZAR, Appellant, v. CHAPULTOPEC GROCERY (a Corporation) et al., Defendants; CURTISS CANDY COMPANY (a Corporation), Respondent.

Ernest A. Kessler for Appellant.

Catlin & Catlin, Frank D. Catlin, Henry W. Catlin, George L. Catlin and William E. Catlin for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover damages for injuries resulting from eating candy bars manufactured by defendant Curtiss Candy Company, plaintiff appeals.

*Facts*: Defendant Curtiss Candy Company manufactured Baby Ruth candy bars. Defendant Chapultopec Grocery Corporation purchased some of these candy bars from the Fuji Company which had had them in its possession for about six weeks prior to the time plaintiff purchased two of the bars from said defendant. The evidence failed to disclose from whom the Fuji Company purchased them.

Plaintiff, after eating a portion of two of the candy bars, discovered that they had worms which caused her to become sick and nauseated. After receiving the evidence produced by the parties, the trial court made, among others, the following findings:

"That said Baby Ruth candy bars were manufactured with extraordinary care, skill and workmanship and when sold and delivered by said Curtiss Candy Company to independent jobbers and wholesalers, said candy bars were pure, wholesome and fit for human consumption and remained in a pure, wholesome condition as long as they were in the possession, control, and subject to the right of control of the Curtiss Candy Company.

"That any worms that were in said candy bars at the time plaintiff purchased and ate same were developed after the defendant Curtiss Candy Company parted with its possession, control and right to control said candy."

Thereafter the trial court drew this conclusion of law: "That there was no implied warranty on the part of the Curtiss Candy Company that said candy bars would continue to be reasonably fit for human consumption or of a merchantable quality after the manufacturer, the Curtiss Candy Company, parted with its possession, control, and the right to control the same."

A nonsuit was granted in favor of defendant Chapultopec Grocery. From this order there has been no appeal. The trial court gave judgment in favor of defendant Curtiss Candy Company.

Plaintiff urges *that the above mentioned conclusion of law was prejudicially erroneous and requires a reversal of the judgment.*

This contention is devoid of merit for the reason that the law is established that an erroneous conclusion of law is not ground for reversal if the judgment is right. (*Spencer* v. *Duncan,* 107 Cal. 423, 426 et seq. [40 P. 549]; *McNutt* v. *City of Los Angeles,* 187 Cal. 245, 259 [5] [201 P. 592].)

In the instant case the trial court found, which finding is not questioned by plaintiff, that the candy bars when manufactured by defendant Curtiss Candy Company were pure, wholesome, fit for human consumption and were of a merchantable quality without the presence of any worms, and that at the time said defendant parted with its possession, control and the right to control said candy bars, they were in the same condition.

In view of these unquestioned findings which support the judgment it is immaterial as to whether the conclusion of law in question was or was not erroneous. (*Cf. Mason* v. *Del Valle,* 213 Cal. 30, 32 [2] [1 P.2d 419]; *Delmuto* v. *Superior Court,* 119 Cal.App. 590, 594 [3] [6 P.2d 1007].)

In view of the trial court's findings the following cases, relied on by plaintiff, are not here applicable: *Curtiss Candy Co.* v. *Johnson,* 163 Miss. 426 [141 So. 762]; *Burr* v. *Sherwin-Williams Co.,* 42 Cal.2d 682 [268 P.2d 1041]; *Klein* v. *Duchess Sandwich Co.,* 14 Cal.2d 272 [93 P.2d 799], and *Vaccarezza* v. *Sanguinetti,* 71 Cal.App.2d 687 [163 P.2d 470].

Affirmed.

Moore, P. J., and Fox, J., concurred.