[Civ. No. 19893.   First Dist., Div. Two.   Dec. 18, 1961.]

VIRGINIA W. HARSH, Plaintiff and Appellant, v. JOHN W. BROAD, as Executor, etc., Defendant and Respondent.

Virginia Harsh, in pro. per., for Plaintiff and Appellant.

Broad & Busterud for Defendant and Respondent.

KAUFMAN, P. J.—This is an appeal, in propria persona, by the wife from an order dated October 11, 1960, denying her motion to vacate the interlocutory and final decrees of divorce on grounds of res judicata. The appellant argues that the divorce was obtained by fraud and that the court below deprived her of an opportunity to be heard. The appeal is completely devoid of merit.

The record indicates that on November 7, 1956, the appellant, Virginia W. Harsh, filed her complaint for divorce from her husband, Philip W. Harsh. At her request, the property settlement and separation agreement between the parties dated March 28, 1957, which provided for division of property, custody and visitation of children, waiver of alimony and payment of attorney fees, was incorporated into the interlocutory decree granted on April 19, 1957. The final decree was entered on April 25, 1958.

On April 15, 1960, the appellant, in propria persona, filed her motion to vacate the decrees on the grounds of fraud. At the hearing on this matter held on April 29, 1960, before the Honorable E. J. Owens, the appellant admitted that she wanted the divorce, had voluntarily signed the property settlement agreement and understood its contents, including the waiver of alimony, but asserted fraud and stated that she now wanted alimony and "there is something in the background that I don't know about." The motion was denied by an order dated April 29, 1960.

On May 6, 1960, the appellant filed a notice of appeal from the order denying her motion, and on May 27, 1960, filed a

"Notice of Abandonment of Appeal." Thereafter, on May 27, 1960, appellant filed a motion to vacate, and on June 9, 1960, the appellant filed an amended motion to vacate. On June 16, 1960, the husband's motion to quash subpoenas and strike the appellant's motion was granted, and no appeal taken therefrom.

Philip W. Harsh died on August 14, 1960. Thereafter, the appellant filed "Notice of Motion for Revivor and Continuance of Defendant's Executor as Defendant on Plaintiff's Motion." On September 27, 1960, this matter was heard by the Honorable John D. Foley, who on September 29, 1960, ordered the substitution of the respondent, John W. Broad, the executor of the estate of Philip Harsh.

On September 29, 1960, the appellant again noticed a motion to vacate the divorce decrees and on October 10, 1960, the respondent moved to vacate the order made by Judge Foley. These matters were heard by the Honorable W. W. Jacka on October 11, 1960, and appellant's motion denied. As indicated above, this appeal is taken from the order of October 11, 1960. ██ There is no question that the order of April 29, 1960, was an appealable order. ██ Upon appellant's voluntary abandonment of her appeal from that order, it became final (Rules on Appeal, rule 19). ██ The issues determined are res judicata as to her subsequent motions (*Reeves* v. *Hutson,* 144 Cal.App.2d 445 [301 P.2d 264]; *Lake* v. *Bonynge,* 161 Cal. 120 [118 P. 535]).

Appellant's subsequent motions presented no facts which were not reviewable on appeal from the order of April 29, 1960 (*Valentin* v. *Valentin,* 93 Cal.App.2d 588 [209 P.2d 654]).

We conclude there is no merit in this appeal and that the order must be affirmed.

Order affirmed.

Shoemaker, J., and Agee, J., concurred.

A petition for a rehearing was denied January 17, 1962, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1962.