[Civ. No. 30762. First Dist., Div. Four. Nov. 14, 1972.]

In re the Marriage of RICHARD and NORMA R. DRIVON, JR.
RICHARD DRIVON, JR., Appellant, v.
NORMA R. DRIVON, Respondent.

## Counsel

Thomas McGinn Smith and Robert B. Salomon for Appellant.

Robert J. Dell'ergo and Carlos O. Tinsley for Respondent.

## Opinion

**THE COURT.**—The court made the remarks alleged to be prejudicial after the testimony regarding the existence of the loans from the father-in-law was essentially concluded. An examination of the record demonstrates no error or prejudice to appellant from the court's remarks. Since the determination was supported by substantial, and almost conclusive evidence (including that of appellant), that determination must be accepted by this court on appeal. (*Small* v. *Smith* (1971) 16 Cal.App.3d 450 [94 Cal.Rptr. 136].)

The reporter's transcript shows that the court indicated its intention to

receive expert testimony as to the valuation of the home. Assent of the parties is implied from the failure to object to this procedure by the court at any time, during the hearing or subsequently. The court had the authority, on its own motion, to appoint an expert to assist it in determining the value of the property. (Evid. Code, § 730.) Since the other factors used in reaching figures for valuation of the property were not in evidence before the court during the oral hearing, it may reasonably be inferred that the court acted properly and based these figures on the expert evidence. "It is presumed that official duty has been regularly performed." (Evid. Code, § 664.)

■ In making an equal distribution of the community assets, the trial court awarded the family residence to the respondent. In doing so, the court took into consideration the fact that the parties were indebted to respondent's father in the sum of $6,904 for certain loans, and ordered that respondent assume repayment thereof. Although there was no evidence as to when respondent's father would demand repayment, the trial court had received evidence that it would be necessary to sell the residence if the loans were to be repaid. That testimony provided a sufficient basis for the trial court, in determining the value of the home as a community asset, to make a deduction from its market value of a sum based upon normal real estate commissions, even though the trial court did not specifically direct that the home be sold.

■ No authority is cited for the contention that inclusion of a normal real estate commission is improper when making a finding of current market value. Current value must reflect the current net amount that would be received by the community should this asset be sold and the proceeds divided between the parties. Inclusion of the commission is no more speculative than setting the gross price of the property today, where there is no showing of a current buyer or of a current intent to sell. The property might have a greater or lesser value in the future. The commission might be based on a higher or lower percentage in the future. Current market value legitimately includes the current costs of sale of the asset in determining the net value of items distributed to each of the parties. In addition, given the parties' implicit consent to use of the expert appraiser by the court, both parties, including the appellant, should be bound by the result where, as here, there is no assertion of fraud. (*Valentin* v. *Valentin* (1949) 93 Cal.App.2d 588 [209 P.2d 654].)

The judgment is affirmed.