[Civ. No. 44769. Second Dist., Div. Four. Mar. 18, 1975.]

In re the Marriage of CHARLES B. and GRACE B. STRATTON.
CHARLES B. STRATTON, Respondent, v.
GRACE B. STRATTON, Appellant.

**COUNSEL**

Ned R. Nelsen and George V. Genzmer III for Appellant.

Patten, Faith & Sandford, Jules Sandford and Patrick Hegarty for Respondent.

## Opinion

**KINGSLEY, J.**—In the instant appeal, the wife raises only two issues, both relating to the division of property made in the interlocutory decree. We agree with the wife as to one item and disagree with her as to the other.

I

■ During the marriage, the husband caused the family home to be placed in joint tenancy with the wife. The decree found that the home was community property, that its gross value was $61,000; and that there was an encumbrance thereon of $46,214.42. The court awarded the home to the husband, subject to his paying to the wife a sum equal to one-half of the equity in the property, less an estimated cost of sale of $3,800. The parties do not contest that action other than the contention of the wife that the estimated cost of sale should not have been deducted in arriving at the sum to be paid to her. The difference is $1,900.[1]

The husband relies on the decision in *In re Marriage of Drivon* (1972) 28 Cal.App.3d 896 [105 Cal.Rptr. 124], wherein the court affirmed a similar deduction. But in *Drivon* it appeared that the home property would necessarily be sold if the husband was to pay off the encumbrance on it. In the case at bench, the record is clear that no such necessity exists. The husband is a wealthy man; he has been making payments up until now without difficulty; his assets and income are such as to make the payments on the property a minor item in his total expenses. Nor is there any intimation that the husband intends to sell the property for any other reason. It was his family home while his first wife lived; it was his home after her death and before his marriage to appellant; it is his home

---

[1]The judgment computed the wife's shares as follows:

| | |
|---|---:|
| Value of the property | $61,000.00 |
| Encumbrance | 46,214.42 |
| Equity | 14,785.58 |
| Less cost of sale | 3,800.00 |
| Net to be divided | 10,985.58 |
| 50% to wife | 5,492.79 |

Computed as we direct:

| | |
|---|---:|
| Value of property | $61,000.00 |
| Less encumbrance | 46,214.42 |
| Equity | $14,785.58 |
| 50% to wife | 7,392.79 |

now after a year of separation. We see no reason why the wife should be charged with the speculative cost of a speculative sale.

## II

■ Shortly before the marriage, the husband, out of separate funds, purchased an automobile, retaining title in his name. He told friends that it was the wife's new car. The wife, however, never claimed the car as her separate property in her various documents filed in the action listing the properties in which she claimed an interest. The husband denied any donative intent. We cannot say, on the record before us, that the trial court erred in treating the car as the separate property of the husband.

The judgment is modified so as to provide that the husband pay to the wife, as a condition of the award to him of the family home, the sum of $7,392.79. Otherwise it is affirmed. Appellant shall recover her costs on appeal. On remand the trial court shall award to appellant such amount as in its judgment will constitute a reasonable fee for her counsel on this appeal.

Jefferson, Acting P. J., and Cole, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 14, 1975.

---

*Assigned by the Chairman of the Judicial Council.