Filed 5/17/13  Moret v. Mahmoud CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LEUREN MORET,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SHAYMAA MAHMOUD,<br><br>        Defendant and Respondent. | A133915<br><br>(Alameda County<br>Super. Ct. No. RF11598961) |
| LEUREN MORET,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>EDGAR DELOA,<br><br>        Defendant and Respondent. | A133918<br><br>(Alameda County<br>Super. Ct. No. RF11598962) |

The Alameda County Superior Court issued a temporary restraining order (Code Civ. Proc., § 527) at appellant Leuren Moret's request, against respondents Edgar DeLoa and Shaymaa Mahmoud.  Following hearing, however, the trial court denied Moret's request for a protective order under the Elder Abuse and Dependent Adult Civil Protection Act (Elder Abuse Act) (Welf. & Inst. Code, § 15600 et seq.).[1]  In these consolidated appeals, Moret, in propria persona, contends that the trial court violated her right to due process of law in denying the protective order.   We affirm.

_____

   [1] All further statutory references are to the Welfare and Institutions Code, unless otherwise stated.

1

# I.   STATUTORY BACKGROUND

The Elder Abuse Act was enacted to protect elders and dependent adults from abuse, neglect, and abandonment.  (§ 15600, subd. (a).)  An "elder" is any person 65 years of age or older.  (§ 15610.27.)   "Abuse of an elder or a dependent adult" means either of the following:  "(a) Physical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering. [¶] (b) The deprivation by a care custodian of goods or services that are necessary to avoid physical harm or mental suffering." (§ 15610.07.)  Section 15610.63 provides, in relevant part:  " 'Physical abuse' means any of the following: [¶] (a) Assault, as defined in Section 240 of the Penal Code. [¶] (b) Battery, as defined in Section 242 of the Penal Code."

The Elder Abuse Act authorizes the superior courts to grant protective orders.  At the time of the subject hearing, the operative version of section 15657.03 provided, in relevant part:  "(a) An elder or dependent adult who has suffered abuse as defined in Section 15610.07 may seek protective orders as provided in this section. [¶] . . . [¶] (c) *An order may be issued under this section*, with or without notice, to restrain any person for the purpose of preventing a recurrence of abuse, *if an affidavit shows*, to the satisfaction of the court, reasonable proof of a past act or acts of abuse of the petitioning elder or dependent adult. [¶] (d)(1) Upon filing a petition for protective orders under this section, the petitioner may obtain a temporary restraining order in accordance with Section 527 of the Code of Civil Procedure, except to the extent this section provides a rule that is inconsistent. . . . . [¶] . . . [¶] (2) If a temporary restraining order is granted without notice, the matter shall be made returnable on an order requiring cause to be shown why a permanent order should not be granted, on the earliest day that the business of the court will permit, but not later than 20 days or, if good cause appears to the court, 25 days from the date the temporary restraining order is granted, unless the order is otherwise modified or terminated by the court. [¶] (e) The court may issue, *upon notice and a hearing*, any of the orders set forth in subdivision (b).  The court may issue, *after notice and hearing*, an order excluding a person from a residence or dwelling if the court finds that physical or

2

emotional harm would otherwise result to the petitioner . . . . [¶] . . . [¶] (g) Upon the filing of a petition for protective orders under this section, the respondent shall be personally served with a copy of the petition, notice of the hearing or order to show cause, temporary restraining order, if any, and any affidavits in support of the petition. Service shall be made at least five days before the hearing. The court may, on motion of the petitioner or on its own motion, shorten the time for service on the respondent."[2] (Stats. 2008, ch. 480, § 2, p. 3381, italics added.)

## II. FACTUAL AND PROCEDURAL BACKGROUND

At the outset, we observe that both Moret, in her opening brief, and DeLoa and Mahmoud, in their respondents' briefs, refer to facts outside the appellate record. In

---

[2] Section 15657.03 has been subsequently amended. It currently provides, in relevant part: "(a) [¶] (1) An elder or dependent adult who has suffered abuse as defined in Section 15610.07 may seek protective orders as provided in this section. [¶] . . . [¶] (c) *An order may be issued* under this section, with or without notice, to restrain any person for the purpose of preventing a recurrence of abuse, *if a declaration shows*, to the satisfaction of the court, reasonable proof of a past act or acts of abuse of the petitioning elder or dependent adult. [¶] (d) Upon filing a petition for protective orders under this section, the petitioner may obtain a temporary restraining order in accordance with Section 527 of the Code of Civil Procedure, except to the extent this section provides a rule that is inconsistent. . . . [¶] . . . [¶] (f) Within 21 days, or, if good cause appears to the court, 25 days, from the date that a request for a temporary restraining order is granted or denied, *a hearing shall be held on the petition*. If no request for temporary orders is made, the hearing shall be held within 21 days, or, if good cause appears to the court, 25 days, from the date that the petition is filed. [¶] (g) The respondent may file a response that explains or denies the alleged abuse. [¶] (h) The court may issue, *upon notice and a hearing*, any of the orders set forth in paragraph (3) of subdivision (b). The court may issue, after notice and hearing, an order excluding a person from a residence or dwelling if the court finds that physical or emotional harm would otherwise result to the petitioner, other named family or household member of the petitioner, or conservator of the petitioner. [¶] . . . [¶] (k) Upon the filing of a petition for protective orders under this section, the respondent shall be personally served with a copy of the petition, notice of the hearing or order to show cause, temporary restraining order, if any, and any declarations in support of the petition. Service shall be made at least five days before the hearing. The court may, on motion of the petitioner or on its own motion, shorten the time for service on the respondent." (§ 15657.03, as amended by Stats. 2012, ch. 162, § 227, italics added.)

3

addition, they have all attached documents to their briefs that are not included in the record. We disregard these references. (Cal. Rules of Court, rule 8.204(a)(2)(C) & (e)(2)(C); *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.)

Moret, who is 66 years old, rents an apartment in Berkeley. Beginning August 1, 2011, DeLoa and Mahmoud subleased a room within that apartment. Following an incident in early October 2011, when DeLoa and Mahmoud allegedly shoved Moret into a piece of furniture, Moret filed a request for orders to stop elder or dependent adult abuse. Moret also requested a temporary restraining order. Based on Moret's filing, a temporary restraining order was issued. DeLoa and Mahmoud were ordered to move out and to stay at least 100 yards away from Moret.

DeLoa and Mahmoud filed written responses to Moret's request for a protective order. DeLoa and Mahmoud both denied striking or pushing Moret. On November 4, 2011, a hearing was held on the protective order request. The parties were sworn as witnesses, but no formal testimony was taken. Moret was asked: "Is there anything that you would like to add to your moving papers above and beyond what you have already stated?" Moret said she had "drugs and drug paraphernalia" that she would like to submit as evidence. She added: "I will surrender the drugs, but I want immunity from the D.A., or whoever, because my fingerprints are on the container." The trial court responded: "All right. Well, I can't help you with those. Okay. I'm not a D.A. So, why don't we just leave that be for the time being."

Thereafter, the trial court acknowledged that it had received the respondents' responses, which were described as "fairly detailed denial[s] with respect to each allegation."[3] DeLoa informed the court that they had brought copies of "the checks and picture." The court asked DeLoa to hand the copies to the deputy "so I can take a look at those." The court then asked: "Why do you still want to live there?" DeLoa testified: "Your Honor, we have been wanting to move out since before. We called the police on October 4th, because [Moret] locked us out. And about a week and a half before that, we

---

[3] Moret claimed that she had not received the responses.

4

told her we wanted to move out.  We gave her a 30-day notice. [¶] . . . [¶] So, we have been wanting to move out for a while. [¶] On October 4th, when the police arrived, [Moret] said our previous conversation of our 30-day notice, she was going to invalidate that.  So, we had to give her a new 30-day notice on October 4th.  So, we have been wanting to move out, but she's been catching us on technicalities and hasn't let us."  Moret also confirmed that she wanted DeLoa and Mahmoud out.  The parties confirmed that they were no longer living in the apartment.

At the conclusion of the hearing, the trial court concluded:  "The requested relief is denied."  Moret filed timely notices of appeal, which were consolidated for decision.

### III.    DISCUSSION

"[A] protective order under the Elder Abuse Act may be issued on the basis of evidence of past abuse, without any particularized showing that the wrongful acts will be continued or repeated." (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 131.)  The petitioner bears the burden of establishing his or her case by a preponderance of the evidence.  (*Id.* at p. 138.)  "We review the issuance of a protective order under the Elder Abuse Act for abuse of discretion, and we review the factual findings necessary to support the protective order for substantial evidence."  (*Id.* at p. 135.)  "We resolve all conflicts in the evidence in favor of respondent, the prevailing party, and indulge all legitimate and reasonable inferences in favor of upholding the trial court's findings.  [Citation.]  Declarations favoring the prevailing party's contentions are deemed to establish the facts stated in the declarations, as well as all facts which may reasonably be inferred from the declarations; if there is a substantial conflict in the facts included in the competing declarations, the trial court's determination of the controverted facts will not be disturbed on appeal.  [Citation.] [¶] . . . Section 15657.03 does not require findings to be made by clear and convincing evidence; therefore, a preponderance of the evidence is sufficient.  [Citation.]"  (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137–1138, fn. omitted.)

Moret does not contend that the trial court abused its discretion in denying her request for a protective order.  Rather, her position is that the trial court's abbreviated

hearing violated her rights to due process of law.  Specifically, she complains that the trial court did not conduct a full evidentiary hearing, did not allow cross-examination of witnesses, did not allow for discovery, did not prepare written findings of fact or reasons for its decision, did not postpone the hearing after she stated she had not received DeLoa's and Mahmoud's responses, did not appoint counsel to represent her, rejected the evidence she offered, and prejudged the merits.

We quickly address the last three contentions.  First, Moret had no due process right to appointed counsel in this case.  There is no general due process right to appointed counsel for indigent litigants in civil cases.  (*White v. Board of Medical Quality Assurance* (1982) 128 Cal.App.3d 699, 707; *Chevalier v. Dublin* (1980) 104 Cal.App.3d 975, 978–979.)  Second, we are not troubled by the court's exclusion of the drug paraphernalia Moret offered as evidence.  The issue before the trial court was whether there was reasonable proof of DeLoa's and Mahmoud's alleged past acts of abuse toward Moret.  (§ 15657.03, subd. (c).)  The respondents' purported possession of drug paraphernalia is irrelevant.  The trial court acted within its discretion to exclude such evidence.  (See Evid. Code, §§ 350, 352.)

In asserting judicial bias, Moret relies on the fact that one version of the November 4, 2011 minute order, appearing in the record, is stamped by the clerk of the superior court with the date "November 2, 2011."  However, other versions of the November 4, 2011 minute order contain no such stamp.  The reporter's transcript, from November 4, 2011, does not indicate that a ruling had been made before the hearing.  And, the register of actions contains no reference to the order on November 2, 2011.

We will assume that the November 2, 2011 date appears as the result of clerical error.  "It is presumed that official duty has been regularly performed . . . ."  (Evid. Code, § 664.)  That presumption is rebutted only when " 'irregularity is clearly shown.' "  (*In re Hare* (2010) 189 Cal.App.4th 1278, 1292; see *People v. Martinez* (2000) 22 Cal.4th 106, 125; *In re Marriage of Drivon* (1972) 28 Cal.App.3d 896, 898.)  Likewise, we cannot infer bias on the part of the trial court without it being clearly established by an objective

6

standard.  (*People v. Chatman* (2006) 38 Cal.4th 344, 363.)  Moret fails to meet that burden.

We address the remaining contentions together, since Moret appears to be arguing, at base, that the trial court's abbreviated and informal procedures did not provide her with due process of law.  The trial court did suggest that it was not interested in receiving oral testimony from the parties on the matters already contained in their written submissions.  But, section 15657.03 mentions only "a hearing" and makes no mention of receiving testimony.  Instead, section 15657.03, in both its former and current iterations, specifically provides that a protective order may be granted on the basis of affidavits or declarations.  Moret's request for relief and respondents' responses were effectively affidavits, as they were signed under penalty of perjury and purported to set forth evidentiary facts.

To the extent that Moret is arguing that the abbreviated procedures specifically provided for by section 15657.03 violate due process, she has forfeited the argument.  First, she never raised this argument in the trial court.  Moret never requested a statement of decision, indicated that she wished to present live testimony, or asked to examine DeLoa or Mahmoud.  Accordingly, she forfeited the issue by waiting to raise the issue for the first time on appeal.  (See *In re S.B.* (2004) 32 Cal.4th 1287, 1293, superseded by statute on other grounds, as stated in *In re S.J.* (2008) 167 Cal.App.4th 953, 962.)  Even on appeal, Moret only makes a conclusory assertion that her due process rights have been violated.  Beyond citing various provisions of the United States and California Constitutions, Moret does not present any reasoned analysis of why her due process rights were necessarily violated by the trial court's compliance with the statutory scheme. (§ 15657.03.)  Thus, we need not address the issue any further.  (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [if no legal argument with citation to authority " 'is furnished on a particular point, the court may treat it as waived, and pass it without consideration' "].)  Moret is not exempt from this obligation because she represents herself on appeal.  A party who chooses to act as his or her own attorney is "to be treated like any other party and is entitled to the same, but no greater consideration than other

7

litigants and attorneys.  [Citation.]'  [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

No due process violation has been demonstrated.

## IV.    DISPOSITION

The order is affirmed.  Respondents DeLoa and Mahmoud are to recover their costs on appeal.


_____
Bruiniers, J.


We concur:


_____
Simons, Acting P. J.


_____
Needham, J.